OPINION OF THE COURT
Barbara F. Newman, J.
Defendant stands charged with insurance fraud in the fifth degree (Penal Law § 176.10), petit larceny (Penal Law § 155.25), making a punishable false written statement (Penal Law § 210.45), and falsely reporting an incident in the third degree (Penal Law § 240.50 [3]). He now moves for an order dismissing the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); and 100.40 (1).
An information is facially insufficient unless it contains facts of an evidentiary character tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986].) *118 Furthermore, an information must provide not only reasonable cause to believe the defendant committed the offense charged, but must also contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [b], [c].) An information which fails to satisfy these requirements is facially defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
According to the uncontroverted allegations of the People’s affirmation in response to defendant’s omnibus motion, defendant was arrested on October 30, 1989 on various felony charges including insurance fraud in the third degree and grand larceny in the third degree. On or about that date, he was arraigned on a felony complaint. It is undisputed that all felony charges in this complaint were reduced to misdemeanor charges on November 30, 1989.
The misdemeanor complaint required supporting depositions from three people: Robert Polito, Tanya Hooshmond and M. Goldstein. As the court file indicates and defense counsel concedes, the People obtained the required depositions from Mr. Polito and Ms. Hooshmond on December 11, 1989 and February 12, 1990, respectively. Mr. Goldstein, however, refused to sign a supporting deposition.
The People drafted a second misdemeanor complaint dated January 30, 1990. This complaint is written so as to require corroboration from Mr. Polito and Ms. Hooshmond only. The first and second complaints are identical as to the facts supplied upon personal knowledge by Mr. Polito. The People obtained Ms. Hooshmond’s supporting deposition subsequent to the drafting of this second accusatory instrument. They did not, however, obtain a new corroborating affidavit from Mr. Polito, but rather relied on his supporting deposition of December 11, 1989.
Defendant argues that the People have not converted the January 30, 1990 misdemeanor complaint into an information because of their failure to obtain a second corroborating affidavit from Mr. Polito. According to defendant, ”[t]he People cannot use Polito’s supporting deposition of December 11, 1989, which corroborated the first misdemeanor complaint, to corroborate a second misdemeanor complaint. The reason is obvious: on December 11, 1989, Polito could not corroborate an instrument which had not yet been written. In a supporting deposition, the affiant must swear that he has read the accusatory instrument. Obviously, Polito could not have read the January 30, 1990 instrument on December 11, 1989.”
*119 Defendant does not cite and the court is unaware of any authority holding that the People must, in all cases, reobtain supporting affidavits whenever they supersede or otherwise replace one accusatory instrument with another, even if the facts supplied from a specific person are identical in the original and superseding complaints. The court is unable to discern any reason in law or policy to mandate such a mechanical and unnecessary requirement.
The clear purpose of the corroboration requirement is to ensure that all material factual allegations are supported by nonhearsay evidence which would be admissible at trial. In this case, Mr. Polito signed a corroborating affidavit and swore that "he has read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts therein stated to be on information furnished by him are true upon his personal knowledge” (emphasis supplied). The language "has read the Accusatory Instrument filed in the above-entitled action and attached hereto” in the supporting deposition signed by Mr. Polito is simply a means to ensure that he is swearing to or verifying all facts attributed to him in the misdemeanor complaint filed in the case. In other words, he is swearing to or verifying the facts, and not the particular piece of paper on which the facts are written.* The per se rule advocated by defendant would be burdensome and inconvenient without in any way advancing the interest that the corroboration requirement is designed to serve.
It is uncontroverted that the two accusatory instruments differ only in their drafting, not at all in substance, and that the factual allegations sworn to by Mr. Polito are identical in both instruments. The court believes that in these circumstances Mr. Polito’s affidavit of December 11, 1989 properly corroborates the complaint of January 30, 1990.
In sum, the court finds that the January 30, 1990 complaint together with the accompanying affidavits of Robert Polito and Tanya Hooshmond satisfies the pleading requirements for misdemeanor informations. Defendant’s motion to dismiss for facial insufficiency is therefore denied.
[Portions of opinion omitted for purposes of publication.]

 If the facts supplied in the first and second complaints by Mr. Polito were not identical, the court would rule differently on this issue.