OPINION OF THE COURT
Jeffrey D. Lebowitz, J.
*17 Defendant is charged with Penal Law § 120.00, assault in the third degree, and Penal Law § 240.26, harassment in the second degree.
According to the accusatory instrument, the charges arose out of an incident which took place on July 30, 1997, at approximately 8:00 p.m. at 150-35 Linden Boulevard, County of Queens, when defendant allegedly punched the complainant in the head causing pain, swelling and a laceration to complainant’s forehead.
The complaint was drafted based upon information provided to the deponent by the complainant. The People move this court to accept a domestic incident report (DIR) signed by the complainant as a supporting deposition and to deem the accusatory instrument an information. The issue before the court is whether a domestic incident report meets the criteria for a supporting deposition which, when read with the complaint, alleges nonhearsay allegations sufficient to constitute an information.
The statutory requirements for an accusatory instrument upon which a defendant may be held for trial require that an information contain verified, nonhearsay factual allegations and/or supporting depositions which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.15 [1], [3]; 100.40 [1] [c].) A supporting deposition filed in connection with an accusatory instrument must be subscribed and verified by any manner prescribed in CPL 100.30 (1). CPL 100.30 (1) (d) provides for verification when "[s]uch instrument * * * hearts] a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument”.
The clear purpose of the corroboration requirement is to ensure that all material factual allegations in the accusatory instrument are supported by nonhearsay evidence which would be admissible at trial. Unlike a felony complaint, the misdemeanor complaint is not followed by a preliminary hearing or Grand Jury proceeding. Therefore, the requirement that each element of a charged offense be supported by nonhearsay allegations of fact is to insure that one with personal knowledge of the facts swears to an information upon which a defendant in a criminal action will be tried. (People v Guzman, 151 Misc 2d 289; People v Allen, 166 Misc 2d 916.)
A supporting deposition is a verified written statement based on personal knowledge, containing "factual allegations of an *18 evidentiary character” supplementing and tending to support the charges. (CPL 100.20.) The phrase "factual allegations of an evidentiary character” means nonconclusory descriptions of what the deponent personally observed, heard or experienced. (See, People v Dumas, 68 NY2d 729.) Consequently, any document offered as a supporting deposition must either refer to the facts in the accusatory instrument or must recite factual allegations which substantially mirror those set forth in the accusatory instrument. In other words, if a document offered as a supporting deposition does not refer to the accusatory instrument, it must contain the same facts as the factual portion of the accusatory instrument. Such documents must clearly: identify the defendant; state the date, time and place of the occurrence; and contain every element of each crime charged in the complaint. Further, such documents must indicate that the allegations made are based on the personal knowledge of the subscriber and that the subscriber has read the allegations contained in the document and verifies that they are true. If all of these components are contained in the document and the document is verified by a manner prescribed in CPL 100.30 (1), then the document may serve as a supporting deposition to the accusatory instrument even if the signed document precedes the drafting of the accusatory instrument.[1] (See, People v Markowitz, 148 Misc 2d 117; see also, People v Phillipe, 142 Misc 2d 574; People v Henry, 167 Misc 2d 1027.)
In the instant case, a police officer completed the DIR specifying that the incident occurred on July 29, 1997 at 8:00 p.m. at 150-35 Linden Boulevard. In the section marked "narrative of the incident” the officer wrote: "at TPO compl[ainant] states perp common law [defendant] did punch her with closed fist to forehead causing laceration bruise, after verbal arguement [sic]”. Below this narrative of the incident, complainant wrote "I agree with the above statement” and then signed her name next to a notice stating that false statements are punishable as a class A misdemeanor, pursuant to section 210.45 of the Penal Law.
The accusatory instrument states as follows: "On or about the date of July 30, 1997 at about 8:00 p.m. at 150-35 Linden Blvd., county of Queens * * * Deponent states at the above mentioned time, date and place of occurrence he is informed by the complainant Janet Hughes that the defendant Reming *19 ton Stridiron did punch the complainant in the head causing pain, swelling, and a laceration to the forehead to the complainant. Deponent further states that the defendant’s above actions and conduct did cause Janet Hughes annoyance and alarm”.
After careful consideration, the court finds, that in this particular case, the DIR fails to meet the strict criteria necessary for a supporting deposition. The DIR refers to an incident which allegedly occurred on July 29, 1997, whereas the accusatory instrument refers to an incident which allegedly occurred on July 30, 1997. Therefore, the factual allegations of the DIR differ from those in the accusatory instrument. As previously stated, a document offered as a supporting deposition must clearly state the date, time and place of the alleged occurrence. Obviously, the alleged date of occurrence on a document being offered as a supporting deposition must coincide with the date of occurrence in the accusatory instrument. Where such a discrepancy exists, it is arguably unclear whether or not the document and the complaint refer to the same incident. Accordingly, the People’s application must be denied.[2]
While the court finds that a document such as the DIR may be received as a supporting deposition to an accusatory instrument, it does so with the admonishment that future applications will only be successful if such documents meet the strict criteria as set forth in this decision. First, the factual allegations of the DIR must contain every element of the factual allegations set forth in the accusatory instrument. Second, it must be clear that the allegations are based on the complaining witness’s personal knowledge. Third, the DIR must clearly indicate that the complainant has read the allegations and adopted them as her own. (See, People v Phillipe, supra.) Finally, the DIR must be properly verified by a manner prescribed in CPL 100.30 (1). Only where there is strict compliance with the above protocol will the court accept a DIR as a supporting deposition to the accusatory instrument.

. The subscriber of a corroborating affidavit or supporting deposition is swearing to or verifying the facts alleged, and not the particular piece of paper on which the facts are written.

. While the court will not allow an amendment to the DIR, the court will grant the People leave to amend the accusatory instrument in compliance with CPL 100.40. If by such amendment the accusatory instrument reflects the same date as the DIR, the court will convert the complaint to an information.