OPINION OF THE COURT
William E. Garnett, J.
The defendant is charged with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).
The defendant moves to dismiss the accusatory instrument on the ground that it has not been converted to an information. The People have offered the Domestic Incident Report, herein *636 after DIR, as a supporting deposition to convert the accusatory instrument to an information.
A DIR may be received as a supporting deposition to an accusatory instrument. (People v Stridiron, 175 Misc 2d 16 [Crim Ct, Queens County 1997]; People v Rahim, NYLJ, Sept. 29, 1998, at 30, col 2 [Crim Ct, Queens County]; People v Hippen, Dec. 14, 1998, Garnett, J.)
CPL 100.15 prescribes the factual requirements of a misdemeanor complaint. In subdivision (3), the statute mandates that the complaint must contain “facts of an evidentiary character supporting or tending to support the charges.” These allegations may be based on the personal knowledge of the deponent or upon information and belief. The statute admonishes that “[n]othing contained in this section * * * limits or affects” the requirements that an information must be “supported by non-hearsay allegations” contained in the information itself and/or any supporting depositions. It follows from this statutory language that a misdemeanor complaint can be transformed into a facially sufficient information by factual allegations contained in a supporting deposition. Thus, not all of the essential elemental facts must be contained within the factual portion of the misdemeanor complaint. Thus, any divergence between the facts contained in the body of the misdemeanor complaint and any supporting deposition is of no significant moment as long as the nonhearsay allegations taken from either or both the complaint and the supporting deposition make out the elements of the crime charged. Any other interpretation would eviscerate the significance of the supporting deposition as a factual document with evidentiary value.
Thus, in evaluating the sufficiency of an information, the court must also consider the factual allegations contained in any supporting depositions. (CPL 100.40 [1] [b], [c].) It follows therefore that a supporting deposition may include additional and different facts which support the charges contained in the accusatory instrument. Those facts may be considered with the facts in the accusatory instrument in determining whether the accusatory instrument is sufficient as an information.
CPL 100.20 provides that a supporting deposition contains “factual allegations * * * which supplement those of the accusatory instrument and support or tend to support the charge or charges.” Therefore, a supporting deposition which recites facts is not limited to merely restating the facts as contained in the complaint but may contain additional facts to support the charges in the accusatory instrument.
*637 In Stridiron (supra, at 18), the court opined that a DIR may qualify as a supporting deposition if either the document “referís] to the facts in the accusatory instrument or * * * recite [s] factual allegations which substantially mirror those set forth in the accusatory instrument.” The court included the requirement that: “[I]f a document offered as a supporting deposition does not refer to the accusatory instrument, it must contain the same facts as the factual portion of the accusatory instrument.” (Stridiron, supra.) The first alternative suggested by the court appears to address the traditional supporting deposition or a document akin to it. This conclusion is buttressed by the court’s admonition that if the putative supporting deposition does not refer to the accusatory instrument, i.e., the complainant does not acknowledge that he or she has read the complaint, the document, to qualify as a supporting deposition, must have the “same facts.”
However, these alternatives are not consistent with the language defining a supporting deposition in CPL 100.20. The statute does not require any reference to the filed accusatory instrument. The statute merely describes a supporting deposition as a document which accompanies or is filed in connection with an accusatory instrument. Further, the statute clearly does not require precise factual symmetry between the accusatory instrument and the supporting deposition as the statute provides that facts in the supporting deposition may be received to supplement or support the charges contained in the accusatory instrument. Thus, the statute does not require that a supporting deposition contain the “same facts” as are alleged in the accusatory instrument.
Applying its standard, the court in Stridiron (supra) apparently rejected a DIR as a supporting deposition solely because the date was off by one day. Yet, the date of an occurrence is not an element of the offense or offenses charged. (1 CJI[NY] 8.01, at 376; People v La Marca, 3 NY2d 452 [1957]; People v Jackson, 111 NY 362 [1888].) CPL 100.40 merely requires that the elements of the offense be established.
I would respectfully suggest that the inquiry that the facts in the supporting deposition, i.e., the DIR, must “substantially mirror” the facts in the accusatory instrument be limited to a factual inspection of each document to ascertain whether the accusatory instrument and the DIR are reasonably referable to the same alleged incident. The scope and role of a supporting deposition as defined in the Criminal Procedure Law do not require an exact replication of the facts in the accusatory *638 instrument and any accompanying DIR. Each word or phrase need not be surgically parsed to determine the validity of the DIR as a supporting deposition. If the elements of the crime or crimes charged are established by the facts contained in the DIR and the DIR, upon an inspection by the court, is reasonably referable to the incident alleged in the accusatory instrument, the court may rely on the nonhearsay facts contained in the DIR in determining whether the accusatory instrument is an information. Thus, the facts in the DIR could be determinative of the sufficiency of the accusatory instrument as an information provided each instrument is reasonably related to the same occurrence.
The case law which has developed regarding the DIR as a supporting deposition is grounded in the typical case where the supporting deposition was prepared in conjunction with the accusatory instrument or solely for the purpose of corroborating a complaint. Further, the “substantially mirror” test is apparently bottomed, in part, on the fact that the usual supporting deposition is merely a statement that the complaining witness has read the accusatory instrument and that the facts stated therein are true. Thus, to the extent that the supporting deposition customarily is only a confirmation of the facts in the complaint, the supporting deposition “substantially mirrors” the accusatory instrument. However, the statute does not require that the supporting deposition be prepared or executed after the drafting of the accusatory instrument. Any document which “support [s] or tends to support” the accusatory instrument may qualify as a supporting deposition. For example, an affidavit which adds facts, filed with an accusatory instrument, is a supporting deposition although the affidavit may not fully convert a complaint to an information. Thus, the status of a document as a supporting deposition is not vitiated by its preparation before the accusatory instrument or the fact that the document was never intended to serve as a supporting deposition.
This approach is also justified on a practical level. Almost always, as in this case, the DIR is prepared before the accusatory instrument. Is it fair to limit the factual allegations which may support the charges because a deponent police officer may have forgotten facts or inaccurately reported facts to the District Attorney in the preparation of the accusatory instrument? Moreover, doesn’t the “substantially mirror” test encourage false factual allegations by insisting on exactitude? I.e., the deponent police officer, in order to meet this rigorous standard, *639 could simply report the facts as indicated in the DIR even when he or she knows that the complainant did not, in fact, tell her or him what the complaining witness had earlier written in the DIR.
Moreover, if a court decides that the facts in the accusatory instrument and the DIR do not substantially mirror each other, what, except speedy trial parameters, would preclude the District Attorney, upon the dismissal of the accusatory instrument, from redrafting the accusatory instrument with the deponent merely parroting the complaining witness’ statements in the DIR? (E.g., People v Stridiron, supra, at 19, n 2.) The earlier dismissed accusatory instrument would merely be a potential prior inconsistent statement of the deponent police officer and/or the complainant if the complainant subsequently testified or the People were able to show at a Sirois hearing that the complaining witness’ failure to cooperate was caused by the defendant. (People v Sirois, 92 AD2d 618 [2d Dept 1983]; Matter of Holtzman v Hellenbrand, 92 AD2d 405 [2d Dept 1983].)
Thus, in conclusion, the present inordinately strict standard is not consistent with the statutory definition and purpose of a supporting deposition, has the potential of being destructive of the truth-finding function of the courts in that it may encourage false statements and, finally, exacts too high a price, i.e., dismissal of the criminal action, for mistaken or inaccurate reporting by law enforcement officers. If a court determines that both documents refer to the same incident, the facts in the nonhearsay DIR may control in determining the factual sufficiency of a putative information. Thus, the court should examine the verified facts in the DIR to determine whether the facts make out the elements of the crimes charged in the accusatory instrument.
In this case, both documents allege that the defendant pulled the complainant’s hair, bit her head, dragged or pulled her to the floor and spat at her. The victim’s statement in the DIR adds that the defendant also slammed her head and kicked her. Each document has the same date, time and place. Thus, the facts are not precisely the same but are reasonably referable to the same incident.
Thus, the complainant’s nonhearsay allegations that the defendant slammed her head and kicked her contained in the DIR, but not in the complaint, are facts which the court must consider in determining whether the accusatory instrument is an information.
*640 In this case, the supporting deposition, i.e., the DIR, contains more and different facts than the misdemeanor complaint. The facts contained in the complaint are hearsay allegations until corroborated by a supporting deposition. The fact that the allegations in the DIR are different than, or perhaps inconsistent with, some of the facts in the hearsay accusatory instrument do not undermine the evidentiary significance of the nonhearsay facts contained in the supporting deposition of the witness. In choosing between these documents, it is eminently more logical to accept the nonhearsay facts in the DIR over the hearsay facts in the complaint. Further, the hearsay facts contained in the accusatory instrument should not circumscribe the factual basis upon which the District Attorney may rely simply because the hearsay instrument did not contain the additional facts included in the DIR.
In this case, the DIR need not allege physical injury or substantial pain as each is not an element of attempted assault in the third degree or harassment in the second degree.
The allegations in the DIR are based on the complaining witness’ personal knowledge. Moreover, the DIR clearly shows that the complainant read the allegations and adopted them as her own. The DIR is properly verified as the complainant signed the DIR next to the form notice: “False statements made herein are punishable as a Class A Misdemeanor, pursuant to Section 210.45 of the Penal Law.”
Thus, the court accepts the DIR as a supporting deposition. The nonhearsay factual allegations as set forth in the DIR’s “Victim’s Statement of Allegations” establish all of the elements of the offenses charged in this accusatory instrument.
Accordingly, the misdemeanor complaint has been converted to an information by the submission of the DIR.
Thus, the defendant’s motion to dismiss is denied.