OPINION OF THE COURT
Michael F. McKeon, J.
In one of the first cases to reach this Court post the Court of Appeals decision in People v Casey (95 NY2d 354 [2000]), the defendant moves to dismiss accusatory instruments charging him with menacing in the second degree and criminal possession of a weapon in the fourth degree on grounds that the *163 factual part of both instruments consists solely of hearsay and therefore are jurisdictionally defective.
In People v Casey (supra), the Court of Appeals held that the nonhearsay requirement for informations set forth in CPL 100.40 (1) (c) is met as long as the hearsay allegations are admissible under any hearsay rule exception. The critical importance of this decision, of course, lies in the continued prosecution of this case, since an accusatory instrument based on hearsay not admissible as an exception would render that instrument a misdemeanor complaint which cannot form the basis for continued prosecution of the defendant unless converted to an information (CPL 170.65 [1]) or unless the defendant waives prosecution by information (CPL 170.65 [3]). Neither will occur in this case since the defendant has moved to dismiss for insufficiency and the Assistant District Attorney has conceded that she is unable to convert the accusatory instruments.
In the case herein, the accusatory instruments filed are based on statements made to the investigating police officers within 20 to 30 minutes of an alleged domestic violence incident involving a threatened use of a wooden club to cause bodily harm to the victim by the defendant. As all too often happens in domestic violence cases, the victim refused to sign any statement implicating the defendant, including a domestic incident report. (Note — in certain circumstances a domestic incident report has been held sufficient to convert to an information. See People v Modica, 187 Misc 2d 635 [2001].)
On its face, this Court cannot determine if the pleadings are in compliance with CPL 100.40 (1) (c) since it is not clear that the statements made by the victim to the investigating officers are admissible under the excited utterance exception to the hearsay rule. All of the factors which the Court must analyze and consider in determining whether the statements are admissible as an exception to the hearsay rule cannot be ascertained from a reading of the accusatory instruments alone. (See People v Nieves, 67 NY2d 125 [1986].)
In normal circumstances, the determination as to the admissibility of hearsay occurs during trial. However, to wait until trial in this case is neither appropriate nor practical since the decision as to whether the victim’s statements are admissible will determine if the prosecution of the defendant can continue in this case. While not specifically authorized by the Court of Appeals in Casey, the Court appears to suggest that the issue is best resolved by a pretrial hearing to determine the suffi *164 ciency of the pleading. The Court noted that although the defendant failed to move to dismiss for insufficiency, the record of the suppression hearing and trial clearly indicated that the insufficiency defect was readily curable. Moreover, there appears to be statutory authority for holding such a hearing. (See CPL 170.45, 210.45 [3], [7].)
A pretrial hearing being the only practical means of determining whether or not the accusatory instruments are sufficient, a hearing is hereby scheduled for September 19, 2001 for the purpose of determining the admissibility of the victim’s statements and the sufficiency of the accusatory instruments.