OPINION OF THE COURT
Mario F. Mattei, J.
On February 3, 2012, the defendant filed a motion seeking dismissal of the instant accusatory information pursuant to GPL 30.30 on two grounds, each of which alleged that the accusatory instrument in the case was not properly converted to an information in a timely fashion. First, defendant alleges that the statements in the accusatory instrument attributed to the detective/deponent with regard to what he observed on a videotape constituted hearsay; and, secondly, that a supporting deposition from the complainant which was made and sworn to prior to the existing superseding information being drawn did not convert the instrument.
The accusatory instrument alleges in pertinent part that the deponent observed video surveillance and “that defendant was observed using a New York State benefit card to purchase items.”
Hearsay is “testimony that is given by a witness who relates not what he or she knows personally, but what others have said and is therefore dependent on the credibility of someone other than the witness” (Black’s Law Dictionary [7th ed 1999]).
It is axiomatic that personal observations of a condition, event, incident or tangible item made by a witness are not hearsay. A witness, presented with a photo, may testify as to who or what is in the photo to the extent that he has personal knowledge of the contents of the photo. The court finds no basis in law, reason or logic for not extending or recognizing this basic evidentiary premise to the contents of videos or their functional equivalent which are personally viewed by the witness. It would fly in the face of reason for instance to say that a witness who personally observed stills from a video can testify upon his personal knowledge as to what is in the still photo but could not testify about his personal observations of the actual video. This is abundantly clear where, as here, the defendant is contending that conversion of the deponent’s personal observations is required. Since there is no statement in the deponent’s assertions that is based upon information supplied by another, *488 there is no person that can provide or corroborate firsthand knowledge of what the deponent is asserting, nor is there any such necessity. Thus, defendant’s assertion that the accusatory instrument is facially insufficient based upon this ground is incorrect.
The defendant’s second contention that the supporting deposition filed in this case from the complainant cannot convert the accusatory instrument because it was executed prior to the making of the accusatory instrument is not persuasive.
The original accusatory instrument contains the same factual allegations on the part of the detective/deponent as detailed above. The first accusatory instrument filed in the case was found to be insufficient and unconverted at arraignment because it did not contain a place and date as to where and when the crime occurred. The part of the complaint attributed to information from the complainant — that she was the owner of the above-mentioned card and that the defendant did not have her permission or authority to use the card to purchase items — never changed. Under these circumstances there is no reason to obtain a second supporting deposition from the complainant as the facts she swore to never changed. (See People v Stridiron, 175 Misc 2d 16 [Crim Ct, Queens County 1997]; People v Markowitz, 148 Misc 2d 117 [Crim Ct, NY County 1990].)
“The procedural requirements for the factual portion of a local criminal court information are, simply: that it state ‘facts of an evidentiary character supporting or tending to support the charges’ (CPL 100.15 [3]; see, CPL 100.40 [1] [a]); that the ‘allegations of the factual part . . . together with those of any supporting depositions . . . provide reasonable cause to believe that the defendant committed the offense charged’ (CPL 100.40 [1] [b]); and that the ‘[n] on-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]; see, CPL 100.15 [3]).” (People v Casey, 95 NY2d 354, 360 [2000].)
Here, the People have alleged that the defendant used a benefit card without the owner’s permission to obtain property, thus they have met both the “reasonable cause” and “prima facie” case requirements (see People v Kalin, 12 NY3d 225, 228 [2009]). For purposes of facial sufficiency, “[s]o long as the factual al *489 legations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]) and, at the pleading stage, all that is needed is that the factual allegations are sufficiently evidentiary in character and tend to support the charges (People v Allen, 92 NY2d 378 [1998]).
Although the information is sufficient the court must determine the applicable time chargeable to the People.
The defendant was arraigned on October 13, 2011. In computing the time chargeable to the People, the day the accusatory instrument is filed is not chargeable (People v Stiles, 70 NY2d 765 [1987]). The People answer ready by announcing ready on the record, or by filing a statement of readiness and serving a copy on defense counsel within a reasonable time (see People v Anderson, 252 AD2d 399 [1st Dept 1998], lv denied 92 NY2d 1027 [1998]; see also People v Kendzia, 64 NY2d 331 [1985]). The superseding information containing the date and place of the alleged occurrence, the supporting deposition and a valid certificate of trial readiness were filed and served on November 1, 2011.
The court finds that the only chargeable time in this case thus far is that time between the arraignment and the filing of the certificate of trial readiness on November 1, 2011.
In calculating the time charged to the People, since the day of the arraignment is not chargeable, the court finds that there are 18 days of includable or chargeable time; therefore, the People have not exceeded the time allowed to be ready for trial; and accordingly, defendant’s motion to dismiss is denied.