OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged with two counts of assault in the third degree (Penal Law § 120.00 [1], [2]), and one count each of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), harassment in the second degree (Penal Law § 240.26 [1]) and criminal mischief in the fourth degree (Penal Law § 145.00 [4]), moved to dismiss the assault counts. On June 12, 2014, the court orally denied the motion.[1] This decision explains the court’s reasoning.
This case presents two frequently occurring issues: (1) whether, and to what extent, a domestic incident report (DIR) converts a misdemeanor complaint into an information, and (2) *812 the manner in which the “physical injury” element of assault must be pleaded for the instrument to make out a prima facie case.
I. Factual Background
A. The Allegations
According to the misdemeanor complaint, on September 5, 2013, in New York County, defendant punched the complainant, Aida Matias, in the face and bit her shoulder, causing a laceration, bleeding and redness. When Ms. Matias told the defendant that she was going to call the police, he grabbed her cell phone from her hand, which made it difficult for her to call for help.
B. Legal Proceedings
Defendant was arraigned on April 24, 2014 on a misdemeanor complaint charging him with two counts of assault in the second degree (Penal Law § 120.00 [1], [2]), and one count each of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). The court released the defendant and adjourned the case to May 22 for conversion.
On May 22, 2014, the People filed a DIR, and the court, after hearing from counsel, deemed the misdemeanor complaint converted. The court also set a motion schedule.
Defendant filed a motion to dismiss on May 28, 2014, and the People responded in court on June 12. On that date, the People also moved to add one count of criminal mischief in the fourth degree, in violation of Penal Law § 145.00 (4), and the court granted that application. After reviewing the parties’ written submissions, the court orally denied the motion to dismiss and adjourned the case to July 24 for trial.
II. The Misdemeanor Complaint and DIR
The misdemeanor complaint, sworn to by Police Officer Michael Russo, provides that Ms. Matias told the officer that, at about 8:30 p.m. on or about September 5, 2013, inside 405 East 92 Street, Apartment 18L, in Manhattan
“she observed the defendant punch her in the face. . . . [S]he then observed the defendant bite her in the shoulder, causing a laceration, bleeding, redness, and substantial pain. . . . [W]hen she told the defendant, in substance, that she was going to call the police, she observed the defendant grab her cellular phone from [her] hand. [This] conduct made *813 it difficult to call for police assistance.”
The DIR, which is dated September 6, 2013, provides as follows:
“I Aida Matías got into a argument with my daughters father Jonathan Morris over clothes that was bought for her by my sons father. He got upset over it got in my face and slaped [sic] me we started fighting he bit me on my shoulder. This all occurred last night about 8:30PM - 9:30PM. I was unable to call the cops because he took my phone.”
The DIR, which is dated September 6, 2013, bears Ms. Matias’ signature and the following legend: “False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.”
III. Discussion
In his motion to dismiss, defendant challenges the use of the DIR to convert the misdemeanor complaint, and, alternatively, asserts that the allegations in the DIR did not sufficiently make out the “physical injury” element of Penal Law § 120.00 (1) and (2). Here, however, the DIR clearly converts all counts and also makes out a prima facie case of “physical injury.”
A. Using DIRs to Convert
The practice of proffering DIRs in lieu of a traditional supporting deposition is common, but not without controversy. There has been as of yet no appellate guidance on the practice, and trial courts have divided into two distinct camps.
1. Strict Readings: The Minority Approach
A few courts require a strict reading of the DIR and will only accept one as corroboration of a misdemeanor complaint where: (1) “the factual allegations of the DIR . . . contain every element of the factual allegations set forth in the accusatory instrument”; (2) it is “clear that the allegations [in the DIR] are based on the [complainant’s] personal knowledge”; (3) the DIR “clearly indicate[s] that the complainant has read the allegations and adopted them as her own”; and (4) the DIR is “properly verified [in] a manner prescribed by CPL 100.30 (1).” (People v Stridiron, 175 Misc 2d 16, 19 [Crim Ct, Queens County 1997].) While the last three parts of this test are uncontroversial, it is the first part that might lead a court to reject a DIR. Indeed, such was the case in Stridiron. There, a one-day discrepancy between the date of occurrence in the DIR and the date of occurrence alleged in the complaint led the court to conclude that it was “arguably unclear whether or not the [DIR] *814 and the complaint refer to the same incident.” (Id.) The court accordingly refused to deem the complaint converted. (Id.)
A few courts have adopted the Stridiron analysis. For example, in People v McMoore (15 Misc 3d 1117[A], 2007 NY Slip Op 50748[U], *2 [Crim Ct, Kings County 2007]), the court followed Stridiron in resolving a CPL 30.30 motion, holding that since “not all of the facts appearing in the complaint are fully reiterated in the DIR,” the complaint remained unconverted.
2. Liberal Readings: The Majority Approach
On the other hand, of those courts to consider whether a DIR can serve as a supporting deposition, most have rejected Stridiron. Without a doubt, then, Stridiron’s requirement that “the factual allegations of the DIR . . . contain every element of the factual allegations set forth in the accusatory instrument” is a minority view. (Stridiron at 19.) People v Modica (187 Misc 2d 635, 637 [Crim Ct, Richmond County 2001]) tackled this issue head-on, expressly rejecting Stridiron’s requirement that if a DIR “offered as a supporting deposition does not refer to the accusatory instrument, it must contain the same facts as the factual portion of the accusatory instrument.” Modica observed that this requirement is “not consistent with the language defining a supporting deposition in CPL 100.20,” because that section “does not require any reference to the filed accusatory instrument . . . [it] merely describes a supporting deposition as a document which accompanies or is filed in connection with an accusatory instrument[,] [and] clearly does not require precise factual symmetry between the accusatory instrument and the supporting deposition.” (Id.) Modica went on to hold that the inquiry as to whether a DIR corroborates an accusatory instrument should “be limited to a factual inspection of each document to ascertain whether the accusatory instrument and the DIR are reasonably referable to the same alleged incident.” (Id.)
“The scope and role of a supporting deposition as defined in the Criminal Procedure Law do not require an exact replication of the facts in the accusatory instrument and any accompanying DIR. Each word or phrase need not be surgically parsed to determine the validity of the DIR as a supporting deposition. If the elements of the crime or crimes charged are established by the facts contained in the DIR and the DIR, upon an inspection by the *815 court, is reasonably referable to the incident alleged in the accusatory instrument, the court may rely on the nonhearsay facts contained in the DIR in determining whether the accusatory instrument is an information.” (187 Misc 2d at 637-638.)
People v Salamone (24 Misc 3d 1213[A], 2009 NY Slip Op 51445[U], *3 [Crim Ct, NY County 2009]), adopted this same approach, noting that the Módica formulation was “less technical” than that prescribed by Stridiron. The statutory goals at the pleading stage are simply to confirm that “the incident alleged by the deponent in the complaint did, in fact, occur” and “to determine whether the hearsay in the underlying complaint has been removed.” (Id.) Requiring a strict factual concord between the DIR and the complaint would “placet ] form over substance” and “run[ ] contrary to the overall pleading rationale” set out in People v Casey (95 NY2d 354 [2000]).[2]
Other courts to adopt the Modica approach with respect to DIRs are: People v Ellis (31 Misc 3d 1213[A], 2011 NY Slip Op 50666[U], *3 [Crim Ct, Kings County 2011] [“The standard for determining whether the factual allegations in a DIR are sufficient to convert an accusatory instrument into an information is laid out in People v. Modica”]); People v Singh (42 Misc 3d 1235[A], 2014 NY Slip Op 50371[U] [Crim Ct, Queens County 2014]); People v D’Andrea (35 Misc 3d 1223[A], 2012 NY Slip Op 50824[U] [Crim Ct, Richmond County 2012]).
3. This Court Agrees with the Majority Approach
This court agrees with the courts in Modica and Salamone that, as long as the DIR and the misdemeanor complaint clearly refer to the same incident, and the DIR is not based on hearsay and is properly verified, it can convert a misdemeanor complaint into an information. This conclusion flows from CPL 100.20, which defines a supporting deposition as a
“written instrument accompanying or filed in connection with ... a misdemeanor complaint . . . subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary char *816 acter,[3] based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.”
There is nothing in this language that would require an exact factual match between the allegations in the DIR and those in the misdemeanor complaint; as long as the DIR “supplements” the factual allegations in the misdemeanor complaint and “support [s] or tends to support the charge or charges” it is adequate. On the other hand, of course, if the DIR does not meet this standard, it will not convert the misdemeanor complaint.
B. The DIR Here Converts the Assault Counts
Here, both the DIR and the misdemeanor complaint assert that the defendant slapped and bit the complainant. The two documents clearly refer to the same incident,[4] and the DIR is properly verified. There is, however, a major factual difference between the two documents — the misdemeanor complaint specifically reports that the complainant told the officer that defendant’s acts caused her “a laceration, bleeding, redness, and substantial pain,” but these facts are not mentioned in the DIR. But since the two documents clearly refer to the same incident, this difference is immaterial.
The next issue is whether the case can move forward on the two counts of assault in the third degree, both of which require proof that the defendant caused “physical injury,” based only on the allegations in the DIR.
1. Facial Insufficiency in General
A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution: it ensures that a legally sufficient case can be made against the defendant. (People v Dumay, 23 NY3d 518 [June 5, 2014]; People v Alejandro, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth “nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof.” (People *817 v Kalin, 12 NY3d 225, 228-229 [2009], citing People v Henderson, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c].) This is known as “the prima facie case requirement.” (Kalin, 12 NY3d at 229 [emphasis added].)
The prima facie case requirement does not necessitate that the information allege facts that would prove defendant’s guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) Rather, the information need only contain allegations of fact that “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must subject the allegations in the information to a “fair and not overly restrictive or technical reading” {id.), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]; see also Casey, 95 NY2d at 360.)
These same principles apply when a DIR is the basis for conversion. Applying them here, the DIR makes out a facially sufficient prima facie case of “physical injury.”
2. Pleading Physical Injury
Whether and when “physical injury” has been sufficiently pleaded in a misdemeanor case is surely one of the most frequently litigated issues in criminal court practice. And the issue has been made needlessly confounding, in large part because defendants tend to rely primarily on cases discussing the sufficiency of trial evidence, and not the facial sufficiency of a pleading.[5] As with any facial sufficiency issue, however, review is limited to a “fair and not overly restrictive or technical reading” of the accusatory instrument (Casey, 95 NY2d at 360), to determine whether there is a “reasonable inference” that the actions ascribed to the defendant caused “physical injury.”
3. The DIR Pleads a Prima Facie Case of Physical Injury
“Physical injury” means “impairment of physical condition or substantial pain.” (Penal Law § 10.00 [9].) Reviewing an accusatory instrument to determine whether it makes out a prima facie case of this element depends to some degree on the instrument’s wording.
*818 a. Accusatory Instruments That Allege “Substantial Pain”
Where an information alleges both a deliberate act of violence and that that act caused “substantial pain,” the prima facie case requirement is met. Because facial sufficiency review is limited to the face of the pleading, there is no occasion for a court to look behind the pleading and conclude that there is some doubt as to whether the act of violence it alleges actually caused substantial pain. In other words, there is a “reasonable inference” that if a person reports having experienced “substantial pain,” she did, in fact, experience substantial pain.
Seeking a more searching review than this, defendant cites People v Perez (40 Misc 3d 448 [Crim Ct, Queens County 2013]). There, the information alleged that the defendant “grabbed [the complainant], pushed her and punched her in the back, causing her substantial pain.” (Id. at 450.) The court held that the allegation of “substantial pain,” with no description of the injury that might have caused that pain was “completely conclusory” and “the conclusory allegation that the complainant suffered substantial pain, without explanation or support, violates the reasonable cause requirement.” (40 Misc 3d at 455.)
This court respectfully disagrees. A complainant’s own report that she experienced “pain” that was “substantial” after having been subjected to a deliberate act of violence makes out a prima facie case of assault. An information charging misdemeanor assault need not of necessity detail the injuries that the complainant sustained, because a complainant’s report that she suffered “substantial pain” is simply not the type of “conclusory allegation” that vitiates a prima facie case. In People v Dumas (68 NY2d 729, 731 [1986]), an accusatory instrument that contained “a conclusory statement that the defendant sold marihuana, but [was not] supported by evidentiary facts showing the basis for the conclusion that the substance sold was actually marihuana” was facially insufficient. Similarly, in People v Dreyden (15 NY3d 100, 104 [2010]), this was true for a “conclusory statement that an object recovered from a defendant is a gravity knife” because, at a minimum, the accusatory instrument should “explain briefly, with reference to [the deponent’s] training and experience, how he or she formed the belief that the object observed in defendant’s possession was a gravity knife.”
But these cases do not apply where the statement under examination is a victim’s own description of the consequence to her of an act of violence that she herself experienced. In this sit *819 uation, the basis for the statement is obvious — the complainant knows what was done to her, knows whether it hurt and knows how much it hurt. These are indeed facts of an “evidentiary character” and are not mere conclusions. Accordingly, if in an accusatory instrument a complainant describes an experience and indicates both that that experience caused her pain and that the pain was substantial, there is a prima facie case that she did, in fact, suffer substantial pain from that experience.
Nor is People v Henderson (92 NY2d 677 [1999]), cited in Perez, to the contrary. There, the Court of Appeals held that an information that described the injuries that the complainant in an assault case received — “contusions and swelling about the legs” — coupled with an allegation that those injuries “caus[ed] the informant to suffer substantial pain” sufficiently made out a prima facie case. (92 NY2d at 679 [emphasis omitted].) But Henderson merely examined the sufficiency of that particular accusatory instrument; it does not stand for the proposition that, to be facially sufficient, an information charging assault in the third degree must always describe the injuries that the complainant sustained in addition to alleging that those injuries caused her substantial pain.
b. Accusatory Instruments That Do Not Allege “Substantial Pain”
Of course, there are also cases where the accusatory instrument describes only an act of violence, but does not describe the nature of the injuries sustained or specifically allege that those injuries caused the complainant substantial pain. Indeed, this is particularly common in cases where a DIR is proffered as the means of conversion, since DIRs are typically completed by individuals who are not well versed in the intricacies of the Criminal Procedure Law. In these cases, the instrument is sufficient as long as it alleges an act of violence that is sufficiently extreme to permit a reasonable inference that the act was “an experience that would normally be expected to bring with it more than a little pain.” (People v Chiddick, 8 NY3d 445, 447 [2007].)
To be sure, reviewing an instrument that alleges an act of violence but that does not describe the injuries sustained or allege that the act caused substantial pain is a more complex matter. It will turn on a close examination of the particular facts alleged, and not every such instrument will make out a prima facie case. But, nevertheless, if the act of violence alleged, taking into account all of the known surrounding circumstances, *820 is one that leads the court to conclude that there is a reasonable inference that the act likely caused “more than a little pain,” the instrument sufficiently pleads physical injury.
Here, the court readily concludes that the allegations in the DIR, without considering the uncorroborated hearsay in the misdemeanor complaint, make out a prima facie case of physical injury. The court relies, first, on the acts of violence described in the DIR — the defendant slapped the complainant and bit her in the shoulder. In addition, the context in which these acts occurred bolsters this conclusion. Those acts occurred during an “argument” with the complainant; defendant was “upset,” and the parties were “fighting.” The experience of being slapped and bit during a fight by someone who is clearly very angry would “normally be expected” to “cause more than a little pain.”
Accordingly, the court concludes that the DIR here makes out a prima facie case of assault in the third degree, and fully converts the misdemeanor complaint into an information.
C. Conclusion
For the above reasons, defendant’s motion to dismiss is denied.
IV Conclusion
The motion to dismiss is denied.

. In deciding this motion, the court has considered defendant’s motion papers, the People’s opposition and the relevant statutes and cases.

. Casey provides that “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (95 NY2d at 360.)

. The phrase “factual allegations of an evidentiary character” means nonconclusory descriptions of what the deponent personally observed, heard or experienced. (People v Concepcion, 36 Misc 3d 551, 553 [Crim Ct, NY County 2012], citing People v Dumas, 68 NY2d 729 [1986].)

. The date and time in the misdemeanor complaint and the DIR are nearly identical, as are the specific acts described: slapping and biting the complainant and taking away her phone so that she could not call for help.

. In his motion papers, as to the sufficiency of the “physical injury” element, defendant cites eight trial sufficiency cases and two cases discussing the sufficiency of a pleading.