OPINION OF THE COURT
Helena Heath, J.
*226 The defendant, Pierson Ellis, is charged with driving while intoxicated (DWI), an unclassified misdemeanor, in violation of Vehicle and Traffic Law § 1192 (3); driving while intoxicated (per se), an unclassified misdemeanor, in violation of Vehicle and Traffic Law § 1192 (2); and avoiding a traffic-control device or intersection, a traffic infraction, in violation of Vehicle and Traffic Law § 1225. By notice of motion filed on March 18, 2016, through his attorney, Samuel C. Breslin, Esq., defendant moved for dismissal of the DWI charges. The People opposed and the court denied defendant’s motion by decision dated April 25, 2016. Defendant thereafter moved for leave to reargue. The court granted the motion to reargue and, upon reargument, the court adhered to its original ruling and issued a written decision dated May 6, 2016.
In a letter to the court dated May 16, 2016, defendant moved the court to reconsider that decision. The People were given until June 3, 2016 to file and serve opposition to the motion to reconsider. No opposition was filed. In the interests of justice, the court will now reconsider the decision.
In support of the motion for reconsideration, defendant provides copies of two unpublished 2007 decisions of the Albany City Court which opined that a document may not serve as a supporting deposition unless the box designating that document as a “supporting deposition” is checked or designated in some fashion. The question for the court to reconsider is whether the failure of the People to check the box designating the document as a “Supporting Deposition,” and only checking the box designating the document as a “DWI Bill of Particulars,” precludes its function as a supporting deposition. Criminal Procedure Law § 100.20 provides,
“A supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those, of the accusatory instrument and support or tend to support the charge or charges contained therein.”
Accordingly, the law does not require that a supporting deposition be labeled as such, but rather that a document be construed based upon its compliance with the requirements set *227 forth in CPL 100.20. For example, a document labeled a domestic incident report may be received as a supporting deposition to an accusatory instrument. (People v Stridiron, 175 Misc 2d 16 [Crim Ct, Queens County 1997].) In fact, any document which “supports or tends to support” the accusatory instrument may qualify as a supporting deposition whether or not it was intended to serve as such. (People v Modica, 187 Misc 2d 635 [Crim Ct, Richmond County 2001].)
In this case, the document being offered as a supporting deposition contains factual allegations of an evidentiary character as required by the statute set forth above. Further, the document is subscribed and verified. To subscribe to a document means to sign it at the end. (People v Mercado, 123 Misc 2d 775 [Crim Ct, NY County 1984].) A supporting deposition may be verified by the instrument bearing a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to Penal Law § 210.45, and such form notice together with the subscription of the deponent constitute a verification of the instrument. (People v Welcome, 50 Misc 3d 1223[A], 2015 NY Slip Op 51977[U] [Crim Ct, Queens County 2015].) The document in question is also signed by Officer Lajara at the end and the document contains a form notice stating that false statements made therein are punishable as a class A misdemeanor pursuant to the Penal Law. Accordingly, absent the checking of the box labeling the document as a supporting deposition — which is not required by law — the document meets each and every requirement of Criminal Procedure Law § 100.20.
Finally, the determination made by Albany City Court Judge William A. Carter at the Pringle hearing held as part of the arraignment of this defendant does not control. The Pringle hearing is a civil administrative proceeding conducted for the limited purpose of determining suspension of a driver’s license pursuant to the prompt suspension law. (See People v Mango, 24 Misc 3d 660 [Saratoga Springs City Ct 2009].) Furthermore, based upon the court’s review of the transcript of that proceeding, the statements of the Assistant District Attorney contained therein as to whether the subject document is a supporting deposition do not alter the court’s analysis herein.
Upon reconsideration, and based upon the law set forth above, the court’s previous decision is not disturbed or amended. The court finds that the failure of the subscribing officer to check the box designating the document in question as *228 a supporting deposition does not preclude its function as a supporting deposition to the accusatory instrument filed in this case. The document meets the requirements set forth in Criminal Procedure Law § 100.20, and thus the failure to check the box labeling the document as a supporting deposition constitutes a ministerial error.