■ The People of the State of New York, Respondent, v Lamont Walker, Appellant. [733 NYS2d 423] —Judgment, Supreme Court, New York County (Rena Uviller, J., at hearing; Bernard Fried, J., at jury trial and sentence), rendered February 15, 1996, convicting defendant of murder in the second degree and manslaughter in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 12½ to 25 years, respectively, and a consecutive term of 2 to 6 years for violation of probation, unanimously affirmed.

The court properly denied defendant's motion to suppress identification evidence. The People satisfied their burden of establishing that the witness's identification of defendant was confirmatory (*see, People v Rodriguez*, 79 NY2d 445). Although the witness did not know defendant by name, he had seen him approximately five times before the incident and had noticed his distinctive eyes and gait. He had also been warned by a friend that defendant was dangerous. Accordingly, although the viewings of defendant were brief, they were sufficiently intense and focused so as to rebut any claim of suggestiveness (*see, People v Breland* 83 NY2d 286, 295; *People v Lainfiesta*, 257 AD2d 412, *lv denied* 93 NY2d 926). The witness's ability to pick out defendant's photo from a nonsuggestive array was a further indication of his ability to recognize defendant, and his initial failure to give the police a detailed description of defendant was for the hearing court to evaluate. In any event, the record also supports the hearing court's findings that the

purported "showup" was not a police-arranged identification procedure and that the lineup was not unduly suggestive.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification. Moreover, the testimony of the eyewitness was corroborated by defendant's own voluntary statement to the police.

The court properly excluded the proposed testimony of defendant's mother concerning defendant's attendance of special education classes as a child. Although defendant maintains that this testimony would have assisted the jury in assessing the reliability of his statement to the police, his attendance at special education classes, standing alone, was not relevant to that issue, and had the potential to confuse or mislead the jury (*see, People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998). Accordingly, the court's ruling was an appropriate exercise of discretion that did not impair defendant's right to present a defense (*see, Crane v Kentucky*, 476 US 683, 690).

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Marlow, JJ.