OPINION OF THE COURT
Frank D. Dikranis, J.
The defendant has been charged by information with riot in the second degree, a violation of Penal Law § 240.05. The defendant now moves for an order dismissing the information as facially insufficient or, alternatively, precluding the People from questioning the defendant at trial regarding any prior convictions. The People oppose the motion and the defendant submits a reply.
In the information, it is alleged that on August 1, 2010, in the County of Nassau, the defendant,
“while acting simultaneously with at least six other people in a public place, did engage in several physical fights with others, including kicking and punching others, and did recklessly cause a large crowd to gather causing public alarm. Your deponent was able to recognize the defendant, Derrick D. Patten, as one of the persons that did engage in the above described fighting.”
The information is subscribed by Long Beach Police Officer Brett Curtis and is based upon personal knowledge, the source of which is described as follows: “Your deponent[’]s review of the video ‘Back of Pine Box’ and the statements of Police Officers Robert Pales and Michael Garofalo whose supporting deposition[s] are attached hereto and made a part hereof.”
*442 Police Officer Robert Fales’s supporting deposition reads as follows:
“The 17th day of February 2011,1 came to the LBPD DD Office to speak with Detective Rourke regarding a fight that occurred on August 1, 2010. I was working in uniformed patrol that evening and was assigned to a large fight in the area of 49 East Pine St.. Upon my arrival at about 7:04 p.m., I drove my marked police car up to the area of 39 E Pine [S]t., a driveway that leads to the rear parking area of Pine Towne Houses. I saw numerous males and female blacks milling about the area and leaving the rear parking area towards E Pine St.. I also reviewed the video ‘Back of Pine Box Fight’ and I recognize a tall male black who was wearing a blue ‘SANITATION’ t-shirt and a baseball hat as being the sidewalk/ driveway area as I arrived on the scene of the fight call on 8/1/10.”
Police Officer Michael Garofalo’s supporting deposition reads as follows:
“I came to the LBPD Detective Office to speak with Detective Rourke regarding a fight that occurred on 8/1/ 2010. On that day, I was working the evening shift in uniformed patrol. At about 6:55, p.m., I responded to the area of 49 East Pine St. For a large disturbance. I responded to the rear parking lot of Pine Towne Houses near 55 E Pine St.. I did observe a large group of males and females fighting and leaving the area towards a driveway at about 39 E Pine St. Today, 2/17/2011, I have viewed a video, ‘Back of Pine Box Fight’ in the DD Office with Detective Rourke. In that video, I recognize a tall, muscular, bald, male black who was wearing black shorts and a white tank top t-shirt as being on the scene of the fight call I responded to on 8/1/2010. I also recognized a female black who was wearing a bright teal/blue to[p] and faded blue jeans and I think she was the sister of James Hodge as also being on the scene of the 8/1/2010 fight. I also recognized a tall, male black who was wearing a blue t-shirt with ‘SANITATION’ on the back as being on the scene of the fight. I responded to the area of the driveway and assisted PO Fales who had been in that area.”
Pursuant to Criminal Procedure Law § 100.15 (1), a facially sufficient information must contain an accusatory part and a factual part. The accusatory part must designate the offense charged, setting forth every element thereof (see CPL 100.15 [2]; People v Hall, 48 NY2d 927 [1979]). The factual part must contain “a statement of the *443 complainant alleging facts of an evidentiary character supporting or tending to support the charges,” which is based either upon the complainant’s personal knowledge or upon information and belief (CPL 100.15 [3]). The factual part, together with any supporting depositions, must also contain nonhearsay allegations which, if true, establish every element of the offense charged (see CPL 100.40 [1]; People v Casey, 95 NY2d 354 [2000]), and must provide reasonable cause to believe that the defendant committed the offense (see People v Alejandro, 70 NY2d 133 [1987]).
In his motion to dismiss the accusatory instrument for facial insufficiency, the defendant contends that the police officers’ observations of the video(s) referenced in the information and the supporting depositions constitute impermissible hearsay. In support of such contention, the defendant relies heavily upon People v Allison (21 Misc 3d 1108[A], 2008 NY Slip Op 52008[U] [Nassau Dist Ct 2008]), and People v Schell (18 Misc 3d 972 [Crim Ct, Richmond County 2008]).
In People v Allison (supra), the defendant was charged by information with petit larceny in connection with her alleged engagement in unauthorized markdowns at her cashier’s station in the department store at which she worked. The factual portion of the information was subscribed by a police sergeant and was based upon information and belief, the source of which was the supporting deposition of Christina Stampfel, another employee of the department store. In her supporting deposition, Ms. Stampfel stated that, after a loss prevention supervisor brought to her attention a receipt with unauthorized markdowns, she observed the defendant, through prerecorded surveillance video, conduct unauthorized markdowns on three occasions.
In granting the defendant’s motion to dismiss the accusatory instrument as facially insufficient, the court noted that Ms. Stampfel did not attempt to “lay an appropriate . . . foundation for the video tape she viewed.” (2008 NY Slip Op 52008[U], *3.) The court indicated that if Ms. Stampfel had contemporaneously observed the alleged markdowns either in person or through video monitoring, it would have deemed her description of the defendant’s actions as “facts of an evidentiary character” as required by CPL 100.15 (3). The court also suggested that the People could have submitted an affidavit from “appropriate individuals authenticating the videotape upon which Ms. Stampfel relied, establishing that the videotape truly and accurately depicted what was before the camera on the given dates, that it was not altered in any way and establishing a proper chain of custody” (People v Allison, 2008 NY Slip Op 52008[U], *3). Relying on People v Schell (supra), the court concluded that since the People failed to properly authenticate the videotape, Ms. Stampfel’s observations of such videotape con *444 stituted hearsay, warranting dismissal of the accusatory instrument (see People v Allison, supra; People v Schell, 18 Misc 3d at 975 [dismissing accusatory instrument as facially insufficient where deponent indicated his observations were based upon review of surveillance video; such observations deemed to be “hearsay, unsupported by sworn allegations of fact”]).
 This court disagrees with the analysis in Allison and Schell. First, observations of a videotape are not hearsay.[1] Indeed, “one who personally observes the content of a videotape can give sworn testimony about his observations without violating the hearsay rule” (People v Lambert, 2002 NY Slip Op 50278[U], *9 [Crim Ct, Queens County 2002]). Second, contrary to the court’s apparent conclusion in People v Allison, “facts of an evidentiary character” are not only those facts that would be admissible at trial. This court construes the requirement of CPL 100.15 (3) of alleging “facts of an evidentiary character supporting or tending to support the charges” to merely require the deponent to make nonhearsay allegations of fact which show the basis for the conclusion that the defendant committed the crime(s) charged (see generally People v Dreyden, 15 NY3d 100 [2010]). While these allegations of fact cannot be conclusory in nature (see id.; People v Dumas, 68 NY2d 729 [1986]), they need not necessarily be admissible at trial and thus, an evidentiary foundation need not be laid for the purposes of the supporting deposition.[2]
Relating the above to the instant circumstances, “there should be no hearsay impediment to the inclusion in an information of what a *445 police officer observes with his own eyes and ears when he views a videotape” (see People v Lambert, 2002 NY Slip Op 50278[U], *9). As such, this court rejects defendant’s argument that the information must be dismissed based upon Allison and Schell.[3]
However, this does not end the inquiry. This court must review the information and the supporting depositions in order to determine whether the information contains factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the crime of riot in the second degree.
In the instant matter, it is evident that Police Officer Curtis’s only knowledge of the defendant’s alleged commission of the crime comes from his observation of a video he identifies only as “Back of Pine Box.” Police Officer Curtis does not indicate that he has any knowledge of the time, date, or location of the events depicted in the video.
In their supporting depositions, Police Officers Fales and Garofalo allege that they were at the scene of a fight on August 1, 2010 in the vicinity of the rear parking lot of Pine Towne Houses. These officers subsequently viewed a video they identify only as “Back of Pine Box Fight” and indicate that they recognized certain individuals depicted in the video as also being present at the scene of the August 1, 2010 fight. However, Police Officers Fales and Garofalo fail to indicate in some fashion that the video they viewed depicted the fight that they personally observed on August 1, 2010. This is a crucial omission. Without such indication, there is nothing connecting the defendant to the events Police Officers Fales and Garofalo personally observed on August 1, 2010. Without an identifiable date or even location of the defendant’s actions, the court must find that the factual al *446 legations of the information are not sufficiently detailed to prevent the defendant from being tried twice for the same offense.[4] Indeed, there remains the possibility that the video observed by Police Officer Curtis could later be identified to be a different location, date, and time than the events which allegedly occurred on August 1, 2010 in the vicinity of the rear parking lot of Pine Towne Houses.
Furthermore, the court must note that while Police Officers Fales and Garofalo identify the video they observed as “Back of Pine Box Fight” (emphasis supplied), Police Officer Curtis identifies the video he observed as “Back of Pine Box.” While this may well simply be a typographical error, the fact remains that without a clear indication that Police Officers Fales and Garofalo viewed the same video as did Police Officer Curtis, the former two officers’ depositions are rendered entirely irrelevant to the charge against the defendant.
The court is well aware that the law does not require that the information contain the most precise words or phrases most clearly expressing the charge (see People v Lebron, 22 Misc 3d 217 [Crim Ct, NY County 2008]; People v Alvarez, 20 Misc 3d 606 [Crim Ct, NY County 2008]). However, the law does require that “the crime be alleged and the specifics set forth so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense” (People v Hall, 4 Misc 3d 60, 62 [App Term, 2d Dept 2004]). Under the circumstances, the court finds that the information fails to meet this requirement.
Accordingly, the branch of the defendant’s motion which seeks an order dismissing the information as facially insufficient is granted, and the information is dismissed. In light of the court’s determination, the alternative relief sought by the defendant in his motion has been rendered moot.

. The court notes an exception to this statement: observations of the audio component of a videotape may be hearsay under certain scenarios (see Rivera v Eastern Paramedics, 267 AD2d 1029 [4th Dept 1999]), as would the video component if the nonverbal actions depicted therein constituted a “statement” (see People v Caviness, 38 NY2d 227 [1975]; People v Kass, 59 AD3d 77 [2d Dept 2008]). In the instant matter, there is no indication that there is an audio component of the videotape, and, at the very least, there is no indication that any existing audio component constituted a basis for the deponents’ allegations of fact.

. See generally People v Kalin (12 NY3d 225 [2009]), wherein the Court of Appeals found facially sufficient an accusatory instrument charging the defendant with, inter alia, possession of a controlled substance in the seventh degree. In discussing the CPL 100.40 (4) (b) “reasonable cause” requirement for facial sufficiency of an accusatory instrument, the Court of Appeals explained that, standing alone, a police officer’s mere statement that a substance recovered from a defendant was a particular type of controlled substance would not meet the reasonable cause requirement, inasmuch as such a statement would be conclusory. Rather, the police officer’s factual allegations “must establish the basis of the arresting officer’s belief that the substance seized was an illegal drug” (People v Kalin at 229). In Kalin, the police officer stated that in addition to using his training and experience, he also relied upon the packaging of the substance he determined to be heroin and that the recovery of a marijuana pipe further supported his belief that he had found marijuana. The Court of Appeals found such statement was sufficient for purposes of satisfying the statutory requirements.
*445 In this court’s view, the “foundation” required by the Court of Appeals in Kalin to support a statement made in a supporting deposition was not necessary to satisfy an evidentiary requirement as to admissibility, but rather to satisfy the reasonable cause requirement which necessitates that the factual allegations cannot be conclusory. This stems from the definition of “reasonable cause” set forth in GPL 70.10 (2), which provides that reasonable cause to believe a person has committed an offense exists when: “evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” GPL 70.10 (2) also specifically provides that such apparently reliable evidence may include or consist of hearsay. Since such evidence may include hearsay, obviously the admissibility of the factual allegations is not at issue in making the reasonable cause determination; rather, it is the reliability of such factual allegations that is pertinent. In order for factual allegations to be deemed reliable, they must not be conclusory (see e.g. People v Scott, 29 Misc 3d 1204[A], 2010 NY Slip Op 51689[U] [Grim Ct, Richmond County 2010] [“A conclusory allegation that a defendant committed each and every element of a crime, standing alone, does not meet the reasonable cause requirement”], citing People v Kalin, supra).

. See footnote 1.

. The court stresses that, under these particular circumstances, it is necessary for the depositions of Police Officers Fales and Garofalo to allege that the video they observed depicted the events they personally observed on August 1, 2010. This is required not for purposes of authenticating the video (as discussed in this decision, infra, it is not necessary to lay a foundation for the admissibility of the video for purposes of determining the sufficiency of the accusatory instrument), but rather to link the defendant to the events the officers observed on August 1, 2010. Otherwise, allegations that on August 1, 2010, the defendant was engaged in activities which satisfy the elements of riot in the second degree cannot be deemed reliable.