*543 OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count each of petit larceny (Penal Law § 155.25), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), both class A misdemeanors.
By motion dated June 4, 2013, defendant seeks dismissal of the docket pursuant to CPL 30.30.
The court has reviewed the court file, defendant’s motion, and the People’s response dated June 13, 2013. For the reasons stated below, defendant’s motion is denied. The People are charged with one day to date in this matter.
Statement of the Facts
Pursuant to the criminal court complaint, on or about February 4, 2013, at approximately 11:53 p.m., while inside of 1081 Ogden Avenue, Bronx, New York, complainant Jamai Hoosein states that he observed defendant “remove two fifty dollar bills from the cash register.” The complainant further states that he “is the lawful custodian of said property and the defendant did not have permission or authority to take or possess said property.” (See crim ct complaint dated Feb. 5, 2013.)
By an undated supporting deposition provided to the court and the defense on February 7, 2013, the complainant asserts that he “ran back the tape and saw that [defendant] walk over to register #1 take the 100.00 from register.” (See undated supporting deposition at 1.)
Legal Analysis
The top count of the criminal court complaint is a class A misdemeanor. Thus, 90 days is the applicable time limit. (See CPL 30.30 [1] [b]; People v Cooper, 98 NY2d 541, 543 [2002] [“CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action”].)
Defendant asserts that the People’s allegations are deficient, since the complainant “did not personally and directly observe [defendant] take anything . . . but rather relied on a video tape that [complainant] viewed after the alleged event occurred.” (See mem of law attached to defendant’s motion dated June 4, 2013 at 6.) Further, since these allegations are insufficient, “the *544 prosecution has never produced a valid information in this case and therefore has never been ready for trial.” (See mem of law attached to defendant’s motion dated June 4, 2013 at 8.)
The very premise of defendant’s argument is mistaken. The fact that the complainant bases his observations on his review of a videotape does not render his statement insufficient.
Under CPL 100.15, every accusatory instrument is required to contain two elements; (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal court complaint are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103,115 [1986].)
Applying these principles to the instant matter, the factual allegations contained in the superceding information before this court are facially sufficient.
In People v Lambert (2002 NY Slip Op 50278[U], *8-9 [Crim Ct, Queens County 2002]), the court reviewed a similar allegation and found
“no legal basis for the conclusion that an arresting officer’s detailed description of an incriminating videotape of criminal conduct, which tape he has personally viewed, is a ‘hearsay’ allegation. . . .
“[T]here should be no hearsay impediment to the inclusion in an information of what a police officer observes with his own eyes and ears when he views a videotape.”
Further, in People v Giarraputo (37 Misc 3d 486, 487 [Crim Ct, Richmond County 2012]), the court stated that “[a] witness, *545 presented with a photo, may testify as to who or what is in the photo .... The court finds no basis in law, reason or logic for not extending or recognizing this basic evidentiary premise to the contents of videos.” (See also People v Miranda, Crim Ct, Bronx County, Mar. 25, 2013, Hornstein, J., docket No. 2012BX025804.)
Similarly, this court can find no basis to find that the statements made by the complainant regarding his observations of the defendant’s conduct are insufficient, merely because those observations were made when the complainant viewed a videotape of the defendant’s allegedly culpable conduct.
This court has been made aware of decisions by courts of concurrent jurisdiction which required that authentication of the video be pleaded in the criminal court complaint. (See People v Allison, 21 Misc 3d 1108[A], 2008 NY Slip Op 52008[U] [Nassau Dist Ct 2008]; People v Kelly, 35 Misc 3d 1233[A], 2012 NY Slip Op 50983[U] [Crim Ct, Kings County 2012].) However, this court declines to follow these cases for the reason stated in People v Patten (32 Misc 3d 440, 444 [Long Beach City Ct 2011]): “While . . . allegations of fact cannot be conclusory in nature, they need not necessarily be admissible at trial and thus, an evidentiary foundation need not be laid for the purposes of the supporting deposition” (citations omitted). (See also People v Casey, 95 NY2d 354, 360 [2000] [allegations that give a defendant sufficient notice to prepare a defense and are detailed enough to prevent a defendant from being tried twice for the same offense should be given a fair and not overly restrictive or technical reading].)
Given that the complaint is facially sufficient, the court will review whether any time is charged to the People pursuant to CPL 30.30 due to any other reasons.”*
Defendant was arrested on February 4, 2013, and arraigned the next day. The People stated not ready, and the matter was adjourned to April 22, 2013. However, on February 7, 2013, the People filed a superceding information with a statement of readiness. This filing satisfies the requirements of People v Kendzia (64 NY2d 331, 337 [1985]), which states that
*546 “there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court ... or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record.”
Thus, excluding the day of arraignment from our calculations (see People v Stiles, 70 NY2d 765 [1987]; People v Eckert, 117 Misc 2d 504 [Syracuse City Ct 1983]), the People are only charged with one day for the time between April 22, 2013 and May 10, 2013.
On April 22, 2013, defendant waived motions, and the matter was scheduled for June 26, 2013 for trial. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, this time is excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004], and cases cited therein.)
Prior to June 26, 2013, on June 4, 2013, defendant filed the instant motion. Since all subsequent adjournments have been for the purpose of considering defendant’s motion to dismiss, all further time is excluded under CPL 30.30 (4) (a).
There being a total of one day charged to the People in this matter, defendant’s motion to dismiss is denied.
All other arguments and requests for any additional relief that have been advanced by the defendant has been reviewed and rejected by this court as being not applicable, or without merit.

 It should be noted that even if the criminal court complaint was facially insufficient, “[Replacement of one accusatory instrument which is defective by another involving the same crime does not affect time computations .... The fact that a superseding instrument is filed does not automatically render the entire period prior to thereto as includable.” (See People v Odoms, 143 Misc 2d 503, 504-505 [Crim Ct, Kings County 1989].)