People v Cintron (2020 NY Slip Op 51436(U))

[*1]

People v Cintron (David)

2020 NY Slip Op 51436(U) [69 Misc 3d 148(A)]

Decided on November 27, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 27, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

19-382

The People of the State of New York,
Respondent, 
against
David Cintron, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Michael Gaffey, J.), rendered February 26, 2019, convicting him, upon his plea of
guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael Gaffey, J.), rendered February 26, 2019, affirmed. 
In full satisfaction of two separate dockets, including the underlying accusatory instrument
charging, inter alia, assault in the third degree (see Penal Law § 120.00), attempted
assault in the third degree (see Penal Law §§ 110, 120.00), and harassment in
the second degree (see Penal Law § 240.26[1]), defendant pleaded guilty to
disorderly conduct (see Penal Law § 240.20), a violation. 
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based on the standard applicable to an information (see People v
Hatton, 26 NY3d 364, 368 [2015]). So viewed, the information was jurisdictionally valid at
least with respect to the charge of attempted third-degree assault, since it contained
"nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the
crime charged, thereby affording reasonable cause to believe that defendant committed that
offense" (People v Middleton, 35 NY3d 952, 954 [2020], quoting People v Matthew
P., 26 NY3d 332, 335-336 [2015]). At the pleading stage, defendant's intent to cause
physical injury, i.e., "substantial pain," a term which simply means "more than slight or trivial
pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see Penal Law §
10.00[9]), could be readily inferred from allegations that he struck one Randy Anderson in the
face with a closed fist, causing bruising to the left side of Anderson's face (see Matter of Edward H., 61 AD3d
473, 473 [2009]). Since at least one of the charged misdemeanor offenses was
jurisdictionally valid, the court had jurisdiction to accept defendant's plea to the uncharged lesser
offense of disorderly conduct (see People v Keizer, 100 NY2d 114, 117-119 [2003]).
The plea was knowing, intelligent and voluntary. Defendant confirmed that he was pleading
guilty voluntarily, that he had the opportunity to discuss the plea with his attorney, and [*2]that he understood he was giving up various rights, including his
right to a trial, to call witnesses, to question the People's witnesses, and to testify on his own
behalf (see People v Conceicao, 26 NY3d 375, 383 [2015]). Since defendant pleaded
guilty to an uncharged lesser offense, no factual basis for the plea was necessary (see People v
Johnson, 23 NY3d 973, 975 [2014]). Defendant, when initially asked whether he acted
disorderly, responded "as far as being defensive, yes." The plea court then directed defendant to
confer with counsel, after which defendant indicated that he had nothing further to say. Under
these circumstances, defendant's vague "defensive" comment did not cast significant doubt on the
plea, and a further inquiry was unnecessary (see People v Lopez, 71 NY2d 662 [1988];
People v Bermudez, 228 AD2d 237 [1996], lv denied 89 NY2d 919 [1996];
People v Alford, 167 AD2d 232 [1990], lv denied 77 NY2d 835 [1991]). In any
event, even assuming that further inquiry was warranted, the only relief defendant requests is
dismissal of the accusatory instrument, and he expressly requests that this Court affirm his
conviction if it does not grant dismissal. Since dismissal is not warranted, we affirm on this basis
as well (see People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 27, 2020