People v Dunham (2020 NY Slip Op 51554(U))

[*1]

People v Dunham (Thomas)

2020 NY Slip Op 51554(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., THOMAS A. ADAMS, JERRY GARGUILO, JJ

2018-1779 S CR

The People of the State of New York,
Respondent,
against
Thomas Dunham, Appellant. 

Christopher Ross, for appellant.
Suffolk County District Attorney (Nicole L. Gallo of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Riverhead, Suffolk County
(Lori M. Hulse, J.), rendered June 25, 2018. The judgment convicted defendant, upon a jury
verdict, of obstructing governmental administration in the second degree, and imposed sentence.
The appeal brings up for review that court's denial of defendant's motion to dismiss the
accusatory instrument charging defendant with obstructing governmental administration in the
second degree.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in separate accusatory instruments, with resisting arrest (Penal Law
§ 205.30) and obstructing governmental administration in the second degree (Penal Law
§ 195.05), respectively. Defendant moved to dismiss the accusatory instrument charging
him with the latter offense, arguing that the accusatory instrument was jurisdictionally defective.
The Justice Court denied defendant's motion. After a jury trial, defendant was convicted of
obstructing governmental administration in the second degree. Defendant's subsequent motion to
set aside the verdict was denied, and the Justice Court thereafter sentenced defendant to three
years' probation with special alcohol conditions, a $250 fine and a $205 surcharge. Defendant
now appeals.
We first address defendant's challenge to the facial sufficiency of the accusatory instrument
charging him with obstructing governmental administration in the second degree. To be legally
sufficient, the factual portion of an information must contain "facts of an evidentiary character"
(CPL 100.15 [3]; see CPL 100.40 [1] [a]) that provide "reasonable cause to believe that
the defendant committed the offense charged" (CPL 100.40 [1] [b]) and "[n]on-hearsay
allegations [which], if true, [establish] every element of the offense charged and the defendant's
commission thereof" (CPL 100.40 [1] [c]; see People v Barnes, 26 NY3d 986, 990 [2015]; [*2]People
v Matthew P., 26 NY3d 332, 335 [2015]). "So long as the factual allegations of an
information give an accused notice sufficient to prepare a defense and are adequately detailed to
prevent a defendant from being tried twice for the same offense, they should be given a fair and
not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]
[citations omitted]; accord People v
Kalin, 12 NY3d 225, 230 [2009]; People v Konieczny, 2 NY3d 569, 575 [2004]). Furthermore, since
proof of states of mind, such as guilty knowledge or intent, are normally based upon
circumstantial evidence (see e.g. People v Johnson, 65 NY2d 556, 561 [1985]; People
v Mackey, 49 NY2d 274, 279 [1980]), for pleading purposes, the requisite mental state may
be alleged on the basis of a logical inference from the act itself or upon the surrounding
circumstances (see People v Kwas,
52 Misc 3d 52, 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v
Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013]; People v
Prevete, 10 Misc 3d 78, 80 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Contrary to defendant's contention, the accusatory instrument charging defendant with
obstructing governmental administration in the second degree was facially sufficient.
Defendant's contention that the Justice Court erred in admitting into evidence a surveillance
video depicting the incident is only partially preserved for appellate review (see CPL
470.05 [2]), as defense counsel made no reference at trial to whether the video was properly
authenticated (see People v Prince,
128 AD3d 987, 987 [2015]). In any event, the surveillance video was properly authenticated
by a detective who testified that she personally downloaded the video from the surveillance
system at the scene to a DVD disc, indicated that the surveillance system was in operation,
testified that the date and time on the video were accurate, and testified to the unaltered condition
of the video (see People v Grant,
170 AD3d 888, 890 [2019]; see also
People v Martinez, 164 AD3d 1260, 1262-1263 [2018]; cf. Torres v Hickman, 162 AD3d
821, 823 [2018]). Contrary to defendant's argument, admission of the silent surveillance
video into evidence did not violate the rule against hearsay, as it is not assertive in nature (see People v Clyburn, 56 Misc 3d
1204[A], 2017 NY Slip Op 50866[U] [Crim Ct, NY County 2017]; Guide to NY Evid rule
8.00 [3], Definition of Hearsay ["A statement of the declarant may be written or oral, or
non-verbal, provided the verbal or non-verbal conduct is intended as an assertion"]; cf. United
States v Armone, 363 F2d 385, 404 [2d Cir 1966] ["A photograph is not an out-of-court
statement at all"]). Therefore, the Justice Court did not improvidently exercise its discretion in
admitting the surveillance video.
To the extent that defendant is challenging the legal sufficiency of the evidence to establish
his guilt of obstructing governmental administration in the second degree (Penal Law §
195.05), the claim is unpreserved for appellate review, since defendant failed to make any
argument to this effect during the trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 19-20 [1995]). In any event, defendant's claim
lacks merit. Moreover, upon the exercise of our factual review power (see CPL 470.15
[5]; People v Danielson, 9 NY3d
342, 348-349 [2007]), while according great deference to the jury's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d
633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the
weight of the evidence.
Finally, we reject defendant's claim that his sentence was harsh and excessive. Because the
sentence fell within the permissible statutory guidelines, it should not be disturbed unless there is
a clear showing that the sentencing court abused its discretion or that extraordinary
circumstances exist warranting a modification of the sentence (see People v Hodges, 13 AD3d
979 [2004]; People v Dolphy, 257 AD2d 681 [1999]). Defendant has failed to make
such a showing here.
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., ADAMS and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020