People v Lelaj (2021 NY Slip Op 50786(U))

[*1]

People v Lelaj (Dorian)

2021 NY Slip Op 50786(U) [72 Misc 3d 140(A)]

Decided on August 6, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 6, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-500 Q CR

The People of the State of New York,
Respondent,
against
Dorian Lelaj, Appellant. 

Mischel & Horn, P.C. (Richard E. Mischel of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and William H. Branigan of counsel), for
respondent.

Appeal by defendant from a judgment of the Criminal Court of the City of New York,
Queens County (Stephanie L. Zaro, J.), rendered December 6, 2016. The judgment, insofar as
appealed from as limited by the brief, convicted defendant, after a nonjury trial, of assault in the
third degree, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
In a prosecutor's information, defendant was charged with assault in the third degree (Penal
Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).
After a nonjury trial, defendant was convicted of the charges. 
As limited by his brief, defendant only challenges his conviction of assault in the third
degree. Defendant contends that the evidence was legally insufficient to establish his guilt of
assault in the third degree because the evidence failed to establish that he intended to cause a
physical injury, and, in any event, the guilty verdict was against the weight of the evidence.
Additionally, defendant contends that the Criminal Court should have granted his request for a
justification charge.
Viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish
defendant's guilt, beyond a reasonable doubt, of assault in the third degree. Contrary to
defendant's contention, his intent to cause physical injury can be inferred from his act of breaking
the complainant's nose when defendant head-butted the complainant in the face, under
circumstances which included the fact that there had been an ongoing traffic dispute between
them (see People v Casey, 65 Misc
3d 145[A], 2019 NY Slip Op 51790[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]).
In fulfilling our responsibility to conduct an independent review of the weight of the [*2]evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342
[2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear
their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888
[2006]; People v Bleakley, 69 NY2d 490 [1987]). Upon our review of the record, we are
satisfied that the verdict finding defendant guilty of assault in the third degree was not against the
weight of the evidence (see People v
Romero, 7 NY3d 633 [2006]).
Defendant's challenge to the Criminal Court's refusal to provide a justification charge is
unpreserved for appellate review since defendant's appellate contention is based on different
grounds than were presented to the Criminal Court (see People v Graves, 85 NY2d 1024,
1026-1027 [1995]; People v Prince,
136 AD3d 844 [2016]; People v
Augustin, 11 AD3d 290 [2004]; People v Bermudez, 59 Misc 3d 129[A], 2018 NY Slip Op
50417[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018), and we decline to review
the contention in the interest of justice.
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 6, 2021