People v Singleton (2022 NY Slip Op 50011(U))

[*1]

People v Singleton (Farrah)

2022 NY Slip Op 50011(U) [73 Misc 3d 149(A)]

Decided on January 10, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through January 13, 2022; it
will not be published in the printed Official Reports.

Decided on January 10, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570373/18

The People of the State of New York,
Respondent,
against
Farrah Singleton, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, Bronx
County (Phaedra F. Perry, J.), rendered March 27, 2018, convicting him, upon a plea of guilty, of
disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Phaedra F. Perry, J.), rendered March 27, 2018, affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based on the standard applicable to an information (see People v Hatton, 26 NY3d
364, 368 [2015). So viewed, the information charging petit larceny (see Penal Law
§ 155.25) and criminal possession of stolen property in the fifth degree (see Penal
Law § 165.40) was jurisdictionally valid because it contained "nonconclusory factual
allegations that, if assumed to be true, address[ed] each element of the crime[s] charged, thereby
affording reasonable cause to believe that defendant committed [these] offense[s]" (People v
Matthew P., 26NY3d 332, 335-336 [2015][internal quotation marks omitted]; see People v Kalin, 12 NY3d
225, 228-229 [2009]). The information recited that, at a specified date and time, and on the
corner of Garden Street and Crotona Avenue in Bronx County, defendant "did take
[complainant's] jacket, IPhone 6S cell phone, keys, and MetroCard with his hand," and then left
the location. The information further alleged that complainant, the owner and lawful custodian of
the property, did not give defendant permission or authority to take or remove the property.
These allegations were sufficient to provide defendant with notice to prepare a defense and are
adequately detailed to prevent him from being tried twice for the same offense (see People v Dreyden, 15 NY3d
100, 103 [2010]).
Contrary to defendant's present contention, complainant's identification of defendant as the
perpetrator was based upon his personal observation of defendant and was nonconclusory. Any
further challenge to the identification of defendant was a matter to be raised at trial, not by
insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]; People v Roldan, 71 Misc 3d
135[A], 2021 NY Slip Op 50426[U] [App Term, [*2]1st
Dept 2021], lv denied 37 NY3d 995 [2021]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 10, 2022