People v Jones (2022 NY Slip Op 22299)

People v Jones

2022 NY Slip Op 22299 [77 Misc 3d 5]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 25, 2023

[*1]

The People of the State of New York, Respondent,
v
Jamill Jones, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, September 2, 2022

APPEARANCES OF COUNSEL

Eric Renfroe for appellant.
Melinda Katz, District Attorney (Johnnette Traill and Danielle S. Fenn of counsel), for respondent.

{**77 Misc 3d at 7} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
Defendant was charged with assault in the third degree (Penal Law § 120.00 [1]) in a superseding information with corroborating affidavits from an eyewitness and Dr. Anne Laib, which alleged, among other things, that the deponent, a New York Police Department detective, was informed by the abovementioned eyewitness that he had observed a man strike the victim in the face causing the victim to fall backward to the ground. The superseding information further alleged that the eyewitness observed the victim, who appeared to be unconscious or [*2]semiconscious, bleeding from his head, ears, mouth and nose. Further, the deponent stated that he recovered video surveillance footage from cameras at a business located near the location of the incident described above and that, upon viewing the video, which depicted the incident described by the eyewitness, he recognized defendant as the assailant. The deponent also stated that he was informed by Dr. Anne Laib, from the Chief Medical Examiner's Office, that the victim was treated for physical injuries, including a skull fracture and "other traumatic brain injuries," from which the assaulted individual ultimately died.
Defendant moved to, among other things, dismiss the accusatory instrument as facially insufficient, contending that, since the deponent detective did not have the requisite knowledge of defendant to identify him, deponent's statement that{**77 Misc 3d at 8} he recognized defendant was conclusory and was based upon impermissible hearsay. The People opposed the motion and, in a decision and order dated April 3, 2019, the Criminal Court (Jeffrey Gershuny, J.) denied it.
Prior to the commencement of trial, a prosecutor's information was filed with the court and defendant was arraigned thereon. Defendant moved to dismiss the prosecutor's information (see CPL 170.30 [1] [a]; 170.35 [3] [b]) and the underlying accusatory instrument based upon the same grounds raised in his prior motion, as well as the fact that the trial court had, in the interim, ruled that it would not permit the deponent detective to testify that he recognized defendant from the video. The People opposed the motion and, in a decision and order dated January 30, 2020, the court (Joanne B. Watters, J.) denied defendant's motion, finding that the basis for denying the first motion was still applicable and adhering to that decision.
The case proceeded to a jury trial during which the prosecutor informed the court that there was a witness the People would like to call to testify as to the identity of defendant. Specifically, the People informed the trial court that, during the course of their continuing investigation, indeed during the luncheon recess, they discovered an additional witness, a police officer, who is also a relative of defendant's fiancée. This witness, the People stated, had viewed the video surveillance footage and recognized defendant as the assailant. A hearing pursuant to People v Rodriguez (79 NY2d 445 [1992]) was conducted and, by order issued February 4, 2020, the court (Joanne B. Watters, J.) found that the witness and defendant were well known to each other, and determined that the witness would be permitted to testify pertaining to his identification of defendant on the surveillance video, which video had already been entered into evidence and published to the jury. Following the trial, defendant was convicted of assault in the third degree and sentenced.
On appeal, defendant first contends that the prosecutor's information and the underlying superseding information were facially insufficient, and that the superseding information was never properly converted because it impermissibly relied upon hearsay and conclusory factual allegations to establish defendant's identity as the assailant.
To be legally sufficient, an information must allege facts of an "evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see CPL 100.40 [1] [a]), and must{**77 Misc 3d at 9} contain "[n]on-hearsay allegations" which "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see People v Slade, 37 NY3d 127, 136 [2021]). However,
"not every deficiency [in an accusatory instrument] implicates the jurisdiction of the court. 'So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a [*3]defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' " (People v Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d 354, 360 [2000]).
[1] The complainant police officer stated in the superseding information that he "viewed" the surveillance "video depicting the . . . occurrence . . . and observed a male whom he recognizes to be defendant Jamill Jones . . . strike" the victim. Merely stating what one sees on a video, which has no audio (see People v Ogando, 64 Misc 3d 310, 313 [Crim Ct, NY County 2019]; People v Ham, 43 Misc 3d 1227[A], 2014 NY Slip Op 50826[U], *2-3 [Crim Ct, Kings County 2014]; People v Patten, 32 Misc 3d 440, 444 n 1 [Long Beach City Ct 2011]; see generally People v Caviness, 38 NY2d 227, 230 [1975]) and includes no nonverbal assertions (see Ogando, 64 Misc 3d at 313; Patten, 32 Misc 3d at 444 n 1; see generally People v Nieves, 67 NY2d 125, 131 n 1 [1986]; Caviness, 38 NY2d at 230), does not constitute hearsay (see Ogando, 64 Misc 3d at 313; People v Clyburn, 56 Misc 3d 1204[A], 2017 NY Slip Op 50866[U] [Crim Ct, NY County 2017]; People v Green, 52 Misc 3d 1214[A], 2016 NY Slip Op 51155[U] [Crim Ct, Queens County 2016]; People v Hossain, 50 Misc 3d 610 [Crim Ct, NY County 2015]; People v Miller, 49 Misc 3d 1204[A], 2015 NY Slip Op 51391[U], *2 and n 1 [Crim Ct, Kings County 2015]; Ham, 2014 NY Slip Op 50826[U]; People v West, 41 Misc 3d 542 [Crim Ct, Bronx County 2013]; People v Giarraputo, 37 Misc 3d 486 [Crim Ct, Richmond County 2012]; Patten, 32 Misc 3d 440; People v Lambert, 2002 NY Slip Op 50278[U] [Crim Ct, Queens County 2002]; see generally People v Dunham, 70 Misc 3d 132[A], 2020 NY Slip Op 51554[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020] ["admission of the silent surveillance video into evidence did not violate the rule against hearsay, as it is not assertive in nature"]; but see People v Kelly, 35 Misc 3d 1233[A], 2012 NY Slip Op 50983[U] [Crim Ct, Kings County{**77 Misc 3d at 10} 2012]; People v Allison, 21 Misc 3d 1108[A], 2008 NY Slip Op 52008[U] [Nassau Dist Ct 2008]; People v Schell, 18 Misc 3d 972 [Crim Ct, Richmond County 2008]).[FN*]
[*4]
"The requirement that an accusatory instrument contain nonconclusory allegations is part of the prima facie case requirement" (People v Jackson, 18 NY3d 738, 746 [2012]). A statement in an accusatory instrument that the deponent recognized the defendant is not conclusory and any questions as to the source of the deponent's knowledge is a matter to be raised at trial (see People v Singleton, 73 Misc 3d 149[A], 2022 NY Slip Op 50011[U] [App Term, 1st Dept 2022]; People v Roldan, 71 Misc 3d 135[A], 2021 NY Slip Op 50426[U] [App Term, 1st Dept 2021]; People v Banaszek, 71 Misc 3d 132[A], 2021 NY Slip Op 50324[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Bennett, 70 Misc 3d 134[A], 2021 NY Slip Op 50016[U] [App Term, 1st Dept 2021]; see also People v Jackson, 61 Misc 3d 136[A], 2018 NY Slip Op 51548[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see generally Konieczny, 2 NY3d at 575; Casey, 95 NY2d at 360; cf. People v Jackson, 75 Misc 3d 203 [Crim Ct, Bronx County 2022]; People v Garcia, 48 Misc 3d 1204[A], 2015 NY Slip Op 50955[U] [Crim Ct, NY County 2015]). Moreover, the allegation here is not "a conclusion drawn by a police officer that involves the exercise of professional skill or experience, [in which case] some explanation concerning the basis for that conclusion must be evident from the accusatory instrument" (Jackson, 18 NY3d at 746).
Additionally, the superseding information, together with the supporting depositions, sufficiently alleged that defendant intended to cause physical injury to the assaulted individual{**77 Misc 3d at 11} and, in fact, caused physical injury by striking the victim in the face and causing him to fall backward and to sustain, among other things, a laceration to his chin (see People v Mercado, 94 AD3d 502 [2012]; People v Cintron, 69 Misc 3d 148[A], 2020 NY Slip Op 51436[U] [App Term, 1st Dept 2020]), thereby alleging every element of assault in the third degree (see Penal Law § 120.00 [1]). Thus, the facts alleged within the four corners of the superseding information and the supporting depositions (see Slade, 37 NY3d at 136-137) were sufficient to provide reasonable cause to believe that defendant committed the charged offense (see CPL 100.40 [1] [b]), and to establish, if true, defendant's commission of that offense (see CPL 100.40 [1] [c]). Consequently, the underlying superseding information was facially sufficient (see CPL 100.15, 100.40 [1]; People v Dalrymple, 70 Misc 3d 140[A], 2021 NY Slip Op 50124[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Cordova, 62 Misc 3d 148[A], 2019 NY Slip Op 50227[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Likewise, the prosecutor's information was facially sufficient as it was based upon the factual allegations contained in the superseding information (cf. CPL 170.35 [3] [b]) and, in accordance with CPL 100.35, it contained the name of the court and the title of the action, included a plain and concise statement of the conduct constituting the offense, and was signed by the district attorney. As the instruments provided " 'notice sufficient to prepare a defense and [were] adequately detailed' " to prevent defendant " 'from being tried twice for the same offense' " (Konieczny, 2 NY3d at 575, quoting Casey, 95 NY2d at 360), the Criminal Court properly denied defendant's pretrial [*5]motions to dismiss the superseding information and the prosecutor's information.
Defendant further contends on appeal that the witness who identified him at trial was not sufficiently familiar with defendant to make a confirmatory identification of him. Moreover, defendant argues, the late disclosure of the witness unduly prejudiced defendant such that the testimony should have been precluded. These claims lack merit.
[2] The testimony at the Rodriguez hearing established that the witness who identified defendant at trial knew him well enough to make his identification of defendant confirmatory. Indeed, the testimony established that the witness and defendant were to be future family members and had met on three occasions—once when the witness attended defendant's engagement {**77 Misc 3d at 12}party at which defendant gave a speech, another when defendant was a guest in the witness's own home and one other occasion—and that on each occasion they spoke to one another and were in close proximity to one another (see People v Walker, 289 AD2d 53 [2001]; People v Lainfiesta, 257 AD2d 412 [1999]). Moreover, defendant himself testified that he spoke to the witness the morning after the incident, when defendant saw a police vehicle and yellow crime scene tape at the location of the incident and sought the witness's advice as a police officer. Thus, defendant's claim that the witness was not sufficiently familiar with defendant to identify him at trial is without merit (see People v Johnson, 197 AD3d 725, 727 [2021]).
We also reject defendant's contention that the identification witness should have been precluded for late disclosure. Here, the People could not have complied with the 15-day notice requirement pursuant to CPL 710.30 (2), as the witness identified defendant during the course of the trial and, upon learning of the identification, the People immediately provided notice of their intention to call that identifying witness (see People v Rashid, 166 AD3d 1382, 1384 [2018]).
[3] Finally, defendant contends that it was error for the trial court to have allowed the People to elicit that the assaulted individual died as a result of the injuries sustained from the assault, as this fact was not a necessary element to prove the charge of assault in the third degree and the prejudice resulting from this evidence outweighed its probative value. We disagree and find that the court properly allowed the admission of testimony and documentary evidence demonstrating this fact because the full extent of the assaulted individual's injuries proved the element of intent (see generally People v Bracey, 41 NY2d 296, 301 [1977]; People v Casey, 65 Misc 3d 145[A], 2019 NY Slip Op 51790[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). This evidence also completed the narrative of events and explained, without permitting the jury to impermissibly speculate, why the victim did not testify at trial. In any event, any possible error was harmless given the overwhelming evidence demonstrating defendant's guilt and disproving his justification defense, and there is no significant probability that the outcome of the trial would have been different in the absence of this error (see People v Sparks, 29 NY3d 932 [2017]; People v Crimmins, 36 NY2d 230 [1975]; People v Bezghoud, 171 AD3d 650 [2019]; see{**77 Misc 3d at 13} generally People v Lelaj, 72 Misc 3d 140[A], 2021 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Casey, 2019 NY Slip Op 51790[U]; People v Jackson, 54 Misc 3d 137[A], 2017 NY Slip Op 50133[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Accordingly, the judgment of conviction is affirmed.
Weston, J. (dissenting and voting to reverse the judgment of conviction and dismiss the [*6]accusatory 
instrument in the following memorandum). The threshold issue on this appeal is whether the accusatory instrument was facially sufficient where the basis for the officer's identification of defendant was his observation of a surveillance video. While I do not dispute that the detective's visual observation of the surveillance video is not hearsay, I conclude that his identification of defendant was too conclusory to establish a prima facie case because it required a basis of knowledge beyond the mere viewing of the video (see People v Jackson, 18 NY3d 738, 746 [2012]; People v Patten, 32 Misc 3d 440, 444-446 [Long Beach City Ct 2011]). Accordingly, I respectfully dissent and vote to dismiss both the superseding information and the prosecutor's information as facially insufficient.
An information is facially sufficient where the factual allegations, along with the supporting depositions, "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]), and the information contains nonconclusory, "[n]on-hearsay allegations . . . [which] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c] [emphasis added]; People v Smalls, 26 NY3d 1064, 1066 [2015]; People v Jackson, 18 NY3d at 741). "The requirement that an accusatory instrument contain nonconclusory allegations is part of the prima facie case requirement" (People v Jackson, 18 NY3d at 746). Thus, where an allegation involves a conclusion, there must be some explanation for the basis of that conclusion that is evident from the accusatory instrument (see id.; People v Kalin, 12 NY3d 225, 229 [2009]; People v Patten, 32 Misc 3d at 444-446).
Here, there was no such explanation. The only allegation in support of defendant's commission of the crime is the detective's statement that he observed a male on video surveillance whom he recognized to be defendant. Absent from this allegation is any basis for the detective's belief that the individual in the video was defendant (see People v Dreyden, 15 NY3d 100 [2010]{**77 Misc 3d at 14} [misdemeanor complaint charging defendant with fourth-degree criminal possession of a weapon was jurisdictionally defective where there was no basis for the officer's belief that the knife in defendant's possession was a gravity knife]; People v Kalin, 12 NY3d 225, 229 [2009] ["a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement"]). There is no allegation that defendant was personally known to the detective, nor is there an allegation of a prior encounter with the detective that would support a confirmatory identification. Without personal knowledge that the individual on the video was defendant, the detective's averment is conclusory (see People v Thiam, 59 Misc 3d 126[A], 2018 NY Slip Op 50339[U] [App Term, 1st Dept 2018], affd 34 NY3d 1040 [2019]). Since there is no other allegation in either the superseding information or the prosecutor's information that would point to defendant as the perpetrator of the crime charged, both informations should have been dismissed as facially insufficient.
Moreover, it was patently unfair to allow the prosecutor to elicit testimony that a homicide occurred. Defendant was 35 years old and had no prior criminal history, and this testimony was unnecessary and had no purpose to prove the crime charged—misdemeanor assault. Any probative value was outweighed by its prejudicial effect, as the jury was guided to think that this was not merely an assault, but a homicide, because there was a dead body.
Accordingly, I vote to reverse the judgment of conviction and dismiss the accusatory [*7]instrument.
Aliotta, P.J., and Golia, J., concur; Weston, J., dissents in a separate memorandum.

Footnotes

Footnote *: We have not been called upon to determine whether it was necessary for the superseding information to lay an evidentiary foundation for the surveillance video viewed and, thus, we do not reach that issue. However, we note in passing that an information need merely allege facts of an "evidentiary character" (CPL 100.15 [3]; see CPL 100.40 [1] [a]) which support or tend to support the charges. This is a less stringent standard than the "legally sufficient evidence" standard required at trial (see CPL 70.20; People v Suber, 19 NY3d 247, 252 [2012] ["The prima facie case for an information . . . excludes only a particular type of incompetent evidence—hearsay—without restricting the People from utilizing other types of proof in order to commence a criminal proceeding (see CPL 100.40 [1] [c]). . . . (T)he prima facie case requirement for an information does (not) rise to the level of legally sufficient evidence that is necessary to . . . survive a motion to dismiss based on the proof presented at trial (People v Kalin, 12 NY3d 225, 230 [2009])" (internal quotation marks omitted)]).