People v Brower (2023 NY Slip Op 23358)

[*1]

People v Brower (Paul)

2023 NY Slip Op 23358

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ

2021-358 N CR

The People of the State of New York, Respondent, 
against
Paul Brower, Appellant. 

Nassau County Legal Aid Society (Tammy Feman, Rachel Rambo and Daniel Schumeister of counsel), for appellant.
Nassau County District Attorney (Kevin C. King and Kelly Gans of counsel), for respondent.

Appeal from two judgments of the City Court of Long Beach, Nassau County (Corey E. Klein, J.), rendered June 23, 2021. Each judgment convicted defendant, upon his plea of guilty, of petit larceny, and imposed sentence. The appeal from the judgments brings up for review an order of that court dated February 24, 2021 denying defendant's motion to dismiss the accusatory instruments on the ground of facial insufficiency or, in the alternative, to withdraw his guilty pleas.

ORDERED that the judgments of conviction are reversed, on the law, so much of the February 24, 2021 order as denied the branch of defendant's motion seeking to withdraw his guilty pleas is vacated, that branch of defendant's motion is granted, and the matter is remitted to the City Court for all further proceedings before a different judge.
Defendant pleaded guilty to two charges of petit larceny (Penal Law § 155.25). On appeal, defendant contends that the accusatory instruments were jurisdictionally defective, that his guilty pleas were not entered into knowingly, voluntarily or intelligently, and that his counsel deprived him of the effective assistance of counsel.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 [*2]NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). 
Here, two accusatory instruments, both executed by the same detective of the Long Beach Police Department, alleged that, on the respective date and at the respective time, at the Long Beach Long Island Railroad Station, defendant stole a bicycle/motorized scooter that he did not have permission to possess and which did not belong to him, and that the source of the detective's information and belief was "video surveillance from the City of Long Beach Bus Depot, your deponent's identification of [] defendant and the written statement of the [v]ictim, whose supporting deposition is attached [] and made a part hereof." Despite defendant's contention to the contrary, an allegation in an accusatory instrument that the deponent recognized the defendant is not conclusory and any questions as to the source of the deponent's knowledge is a matter to be raised at trial (see People v Jones, 77 Misc 3d 5, 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Singleton, 73 Misc 3d 149[A], 2022 NY Slip Op 50011[U] [App Term, 1st Dept 2022]; see generally Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d 354, 360 [2000]). Moreover, the deponent detective's identification of defendant was not "a conclusion drawn by a police officer that involves the exercise of professional skill or experience, [in which case] some explanation concerning the basis for that conclusion must be evident from the accusatory instrument" (People v Jackson, 18 NY3d 738, 746 [2012]; see Jones, 77 Misc 3d at 10; Singleton, 2022 NY Slip Op 50011[U]). Additionally, to the extent that defendant contends that the deponent detective's identification of him constitutes hearsay, which is a nonjurisdictional defect, this contention was waived by defendant's guilty pleas (see Konieczny, 2 NY3d at 575; People v Keizer, 100 NY2d 114, 123 [2003]). In any event, merely stating what one sees on a surveillance video, which has no audio and includes no nonverbal assertions, does not constitute hearsay (see Jones, 77 Misc 3d at 9; People v Ogando, 64 Misc 3d 310, 313 [Crim Ct, NY County 2019]; People v Patten, 32 Misc 3d 440, 444 n 1 [Long Beach City Ct 2011]; see generally People v Dunham, 70 Misc 3d 132[A], 2020 NY Slip Op 51554[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). Consequently, the accusatory instruments were not jurisdictionally defective (see Penal Law § 155.25; People v Johnson, 71 Misc 3d 133[A], 2021 NY Slip Op 50357[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
With respect to defendant's ineffective assistance of counsel claim, the record indicates that defendant's attorney provided defendant with meaningful representation in accordance with the New York State standard (see NY Const, art I, § 6; People v Henry, 95 NY2d 563, 565 [2000]; People v Benevento, 91 NY2d 708, 713 [1998]; People v Bouttry, 32 Misc 3d 136[A], 2011 NY Slip Op 51470[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Moreover, the attorney's performance could not be characterized as either deficient or prejudicial to defendant and, thus, was also in accordance with the federal standard (see US Const Amend VI; Strickland v Washington, 466 US 668 [1984]; Bouttry, 2011 NY Slip Op 51470[U]).
Defendant moved to vacate his pleas, contending in an affidavit that he was innocent of one of the charges and that he had agreed to take the pleas because, at the time, having been unable to post bail, he had already been incarcerated as a result of these charges for almost two months, and was advised that, in order to be released from jail, he would have to plead guilty to [*3]both charges. While bare and unsubstantiated claims of coercion or duress, without more, are insufficient to warrant vacatur of a guilty plea, a court may permit a defendant to withdraw a plea where the record substantiates the defendant's claim that a guilty plea was motivated, at least in part, by some unduly coercive circumstance (see People v Flowers, 30 NY2d 315, 318-319 [1972]; People v Taylor, 212 AD3d 891, 893 [2023]; People v Wentland, 191 AD3d 704, 707 [2021]; People v Grant, 61 AD3d 177, 183 [2009]). Here, in addition to the City Court judge telling defendant that he would have to plead guilty to both charges if he wanted to be released, the record demonstrates that throughout the plea negotiations, and even at the plea proceeding, the City Court judge repeatedly told defendant that, when the judge was a child, he had been a victim of a bicycle theft in the City of Long Beach. The judge also expressed his personal beliefs about the seriousness of stealing a bicycle, such as by stating to defendant:
"Certain people in the City of Long Beach would want you to hang for stealing someone's bike and a motor scooter from Long Beach. . . . You know about what happens when people steal bikes in Long Beach. It really stinks, especially to the person whose bike is stolen." 
Thus, based upon the totality of the circumstances, we find that defendant was unduly coerced into pleading guilty (see generally People v Sanabria, 157 AD3d 828 [2018]; People v Rogers, 114 AD3d 707 [2014]; People v Fisher, 70 AD3d 114 [2009]; People v Richards, 17 AD3d 136 [2005]). In view of the foregoing, the matter should be remitted to the City Court before a different judge.
Accordingly, the judgments of conviction are reversed, so much of the February 24, 2021 order as denied the branch of defendant's motion seeking to withdraw his guilty pleas is vacated, that branch of defendant's motion is granted, and the matter is remitted to the City Court for all further proceedings before a different judge.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023