People v Thomas (2023 NY Slip Op 05375)

People v Thomas

2023 NY Slip Op 05375

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Ind No. 1072/18 Dkt. No. 11178/18 Appeal No. 899-899A Case No. 2019-862 

[*1]The People of the State of New York, Respondent,
v
Michael Thomas, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgments, Supreme Court, New York County (Laura A. Ward, J.), rendered October 15, 2018, convicting defendant, upon his pleas of guilty, of grand larceny in the fourth degree and theft of services, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.
The misdemeanor information charging defendant with theft of services (Penal Law § 165.15 [2]) was valid for jurisdictional purposes as it contained sufficient nonconclusory allegations that defendant was one of the individuals who entered a hotel and received spa services, then left without paying for them. Assuming these allegations to be true, they addressed each element of Penal Law § 165.15 (2), and afforded reasonable cause to believe that defendant committed the offense (see generally People v Matthew P., 26 NY3d 332, 335-36 [2015]; see also People v Jackson, 79 Misc 3d 127[A], 2023 NY Slip Op 50601[U] [App Term, 1st Dept 2023]; People v Jones, 77 Misc 3d 5, 9-10 [App Term, 2d Dept 2022], lv denied 39 NY3d 986 [2022]; People v Singleton, 73 Misc 3d 149[A], 2022 NY Slip Op 50011[U] [App Term, 1st Dept 2022], lv denied 38 NY3d 1035 [2022]).
Contrary to defendant's contention, we find that the term "guest" of a hotel, as the term is used in Penal Law § 165.15 (2), is not limited to individuals staying at the hotel. Rather, the term may also include individuals, such as defendant, who visit a hotel for other services the hotel may offer, such as for food, drink, or entertainment. This interpretation gives effect to the intention of the legislature, and is consistent with the statute's legislative history, contemporaneous statutes and precedent, and contemporaneous dictionary definitions from the time the statute was enacted (see generally People v Mitchell, 38 NY3d 408, 411 [2022]; White v Cuomo, 38 NY3d 209, 220 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023